justifiable cause or basis therefor, a practice which is forbidden under the Federal Equal Pay Act. The Defendants violated the Act with knowledge or reckless disregard for the fact that their conduct was covered by the Act.

79. Searle complained about the wrongful, harassing and discriminatory conduct of Streeter, Simmons and other employees of the Salisbury Police Department to the Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter, all to no avail.

80. As a direct proximate result of the discrimination and harassment, as alleged herein, Searle has suffered, and will continue to suffer, severe and substantial financial losses, emotional distress, mental anguish, physical injury, lost wages, harm to reputation and other damages.

**WHEREFORE**, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

**COUNT IV
MASSACHUSETTS EQUAL RIGHTS ACT
M.G.L. c. 93 §§102,103**

81. Plaintiff repeats and realleges each of the factual allegations in paragraphs 1 through 80 above and incorporates them herein by reference.

82. Searle believes and therefore avers that the Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter, unlawfully and knowingly made a distinction and/or discriminated against her in one or more term(s), condition(s) and privilege(s) of employment, including, without limitation, by continually and willfully discriminating against her and other female employees of the Salisbury

Police Department by compensating females less than males for equal work in positions requiring equal skill effort and responsibility under similar working conditions, without any justifiable cause or basis therefor, a practice which is forbidden under the Massachusetts Equal Rights Act. The Defendants violated the Act with knowledge or reckless disregard for the fact that their conduct was covered by the Act.

83. Searle complained about the wrongful, harassing and discriminatory conduct of Streeter, Simmons and other employees of the Salisbury Police Department to the Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter, all to no avail.

84. As a direct proximate result of the discrimination and harassment, as alleged herein, Searle has suffered, and will continue to suffer, severe and substantial financial losses, emotional distress, mental anguish, physical injury, lost wages, harm to reputation and other damages.

**WHEREFORE**, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

## COUNT V

### VIOLATION OF 42 U.S.C. §1983

85. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 92, *supra*, of the Plaintiffs' Complaint as if expressly set forth herein.

86. At all times relevant, the Defendant Salisbury Police Department and its agents, servants or employees, including, without limitation, Chief Streeter and Simmons, were acting under color of state law.

87. From approximately 1994 to the present, the Defendants have engaged in an ongoing pattern of infringing upon various rights of Searle, including, without limitation, her right to be free from sexual harassment, her right of equal protection, her right to be free from retaliation, her right to fair disciplinary proceedings, her right to be free from intimidation, her rights of privacy, her due process rights, her right to be safe in the workplace, her right to a fair hearing, her right to be free from intimidation, and her right to be left alone in violation of 42 U.S.C. §1983.

88. As a direct proximate result of the civil rights violations committed by the Defendants against Searle, Searle has suffered, and will continue to suffer, severe and substantial financial losses, emotional distress, mental anguish, physical injury, lost wages, harm to reputation and other damages.

**WHEREFORE**, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

## COUNT VI

## BREACH OF CONTRACT

89. Plaintiff repeats and realleges each of the factual allegations in paragraphs 1 through 88 above and incorporates them herein by reference.

90. The Defendants terminated Searle without any reasonable basis therefor, and without cause, in violation of the terms of her employment agreement.

91. Searle believes and therefore avers that the Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter, unlawfully and knowingly breached Searle's employment contract by, among other things, (1)

discriminating against her and other female employees of the Salisbury Police Department by compensating females less than males for equal work in positions requiring equal skill effort and responsibility under similar working conditions, without any justifiable cause or basis therefor, (2) continuously fostering, creating and encouraging a hostile work environment in which females were subjected to verbal abuse, humiliation and disparate treatment solely on the basis of their gender, (3) engaging in sexually discriminatory intimidation, ridicule and insults which are so sufficiently severe or pervasive that they alter the conditions of employment and create an abusive work environment,(4) repeatedly, continuously, intentionally and in a hostile and intimidating manner harassing her through a pattern of unwelcome sexual conduct, both in words and actions, in an effort to degrade and humiliate Searle and in a manner which affected her performance and the terms and conditions of her employment, and (5) failing to take steps to cease the sexual harassment and gender discrimination after receiving notice thereof, (6) wrongful terminating Searle without cause or without any basis therefor, (7) causing such emotional distress for Searle that she needed to miss time from work at the Salisbury Police Department, and (8) retaliating against her for making claims of discrimination.

92. The Defendants, in breach of the terms of that employment contract, refuse and have refused to allow Ms. Searle to continue her employment with the Salisbury Police Department.

93. As a direct proximate result of the breach of employment contract, as alleged herein, Searle has suffered, and will continue to suffer, continued severe and substantial financial losses, emotional distress, mental anguish, physical injury, lost wages, harm to reputation and other damages.

WHEREFORE, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

## COUNT VII

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

94.  Plaintiff repeats and realleges each of the factual allegations in paragraphs 1 through 93 above and incorporates them herein by reference.

95.  Searle believes and therefore avers that the Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter, unlawfully and knowingly breached the covenant of good faith and fair dealing by, among other things, (1) discriminating against her and other female employees of the Salisbury Police Department by compensating females less than males for equal work in positions requiring equal skill effort and responsibility under similar working conditions, without any justifiable cause or basis therefor, (2) continuously fostering, creating and encouraging a hostile work environment in which females were subjected to verbal abuse, humiliation and disparate treatment solely on the basis of their gender, (3) engaging in sexually discriminatory intimidation, ridicule and insults which are so sufficiently severe or pervasive that they alter the conditions of employment and create an abusive work environment,(4) repeatedly, continuously, intentionally and in a hostile and intimidating manner harassing her through a pattern of unwelcome sexual conduct, both in words and actions, in an effort to degrade and humiliate Searle and in a manner which affected her performance and the terms and conditions of her employment, and (5) failing to take steps to cease the sexual harassment and gender discrimination after receiving notice thereof, (6) wrongful terminating Searle without cause or without any basis therefor, (7) causing such

emotional distress for Searle that she needed to miss time from work at the Salisbury Police Department, and (8) retaliating against her for making claims of discrimination.

96.     As a direct proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Searle has suffered and will continue to suffer severe and substantial financial losses, emotional distress, mental anguish, physical injury, lost wages, harm to reputation and other damages.

**WHEREFORE**, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

## COUNT VIII

## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97.     Plaintiff repeats and realleges each of the factual allegations in paragraphs 1 through 96 and incorporates them herein by reference.

98.     From 1994 to 2001, Salisbury Police Department, through its officers, agents, servants or employees, including, without limitation, Chief Streeter and Simmons, intentionally or negligently engaged in a pattern of extreme or outrageous conduct, which included, without limitation, sexual harassment and gender discrimination, intended to cause emotional distress, or which the Salisbury Police Department knew or should have known would cause emotional distress, which was so severe and of a nature that no reasonable person could be expected to endure.

99.     As a result of the wrongful conduct of the Defendants, Searle has sustained physical and psychological injury, incurred great suffering of body and mind.

WHEREFORE, the Plaintiff, Susan Searle, demands judgment against the Defendants for damages sustained, together with interest, costs and attorneys' fees, and such other damages as this Court may award.

**PLAINTIFF REQUESTS A
JURY TRIAL ON ALL
ISSUES SO TRIABLE**

The Plaintiff
Susan Searle
By Her Attorneys,

James B. Krasnoo (BBO# 279300)
Paul J. Klehm (BBO# 561605)
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA 01810
(978) 475-9955

Dated: March 31, 2004

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
ONE ASHBURTON PLACE, ROOM 601, BOSTON, MA 02108
(617) 727-3990

## -DISMISSAL and NOTIFICATION of RIGHTS-

Paul J. Klehm, Esq.
Law Offices James B. Krasnoo
23 Main Street
Andover, MA 01810

Case: Searle v. T-Salisbury Police Department
MCAD No: 01132403
EEOC No: 16CA12563
Investigator: Katherine M. Martin, Esq.

Your complaint has been dismissed for the following reasons:

[ ] The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[X] OTHER: Withdrawal of charge to pursue a civil action

_____
Walter J. Sullivan, Jr., Esq.
Investigating Commissioner

_____
DATE

Cc: Marcelino La Bella, Esq.
    Kopelman and Paige
    31 St. James Ave
    Boston, MA 02116-4102

MEMORANDUM

CASE: Searle v. T-Salisbury Police Department
DOCKET NO: 01132403
EEOC NO: 16CA12563
LIANCE OFFICER: Katherine M. Martin, Esq., Compliance Officer III
EMPLOYEES: 20+
RE: Chapter 478 Removal for civil action

On August 29, 2001 the Complainant filed a complaint with this Commission alleging that he had been discriminated against because of her sex, female, in that she was subjected to unequal terms and conditions of employment in violation of Massachusetts General Laws, Chapter 151B, Section 4, Paragraph 1, and Title VII of the 1964 Civil Rights Act as amended.

On March 31, 2004 the Complainant, through legal counsel, requested that the above referenced complaint be withdrawn from MCAD as the Complainant had filed a civil action. It is recommended that the Complainant be allowed to withdraw and the complaint closed.

Katherine M. Martin, Esq.,
Supervisor