UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

| | |
|---|---|
| SUSAN SEARLE, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF SALISBURY, SALISBURY POLICE DEPARTMENT, and LAWRENCE STREETER, <br><br> Defendants. | ANSWER OF THE DEFENDANTS TOWN OF SALISBURY AND LAWRENCE STREETER |

Now come the defendants, Town of Salisbury and Lawrence Streeter, and hereby file their Answer to the plaintiff's Complaint by responding to the correspondingly-numbered paragraphs of the Complaint as follows:

## PARTIES

1. The defendants admit the allegations contained in Paragraph 1.

2. The defendant Town of Salisbury admits that it is a municipality organized under the laws of the Commonwealth of Massachusetts. The defendant further admits that the Salisbury Police Department is a department of the Town of Salisbury but denies that the Police Department has a separate legal existence subjecting it to suit.

3. The defendant Lawrence Streeter admits that he is the former Chief of the Salisbury Police Department and resides in Salisbury, Massachusetts. The defendants further state that as Chief of the Department, he was in charge of the Department but was not the immediate supervisor of the plaintiff.

## FACTS

4. The defendants repeat and reallege their responses to Paragraphs 1-3 in response to Paragraph 4.

5. The defendants admit that the Chief was appointed in 1989.

6. The defendants admit that the plaintiff began working as a Dispatcher for the Police Department. The defendants deny the remaining allegations contained in Paragraph 6.

7. The defendants admit that the plaintiff was sworn as a "special officer" for the Department. The defendants deny the remaining allegations contained in Paragraph 7.

7(a) The defendants admit the allegation contained in Paragraph 7(a).

8. The defendants admit the allegations contained in Paragraph 8.

9. The defendants deny the allegations contained in Paragraph 9.

10. The defendants admit that in and around March 1998, the plaintiff returned to the Police Department. The defendants deny the necessary allegations in Paragraph 10.

11. The defendants admit that the plaintiff worked overtime shifts. The defendants deny the remaining allegations contained in Paragraph 11. The defendants admit that the plaintiff received wage increases.

12. The defendants deny the allegations contained in Paragraph 12.

13. The defendants deny the allegations contained in Paragraph 13.

14. The defendants deny the allegations contained in Paragraph 14.

15. The defendants deny the allegations contained in Paragraph 15.

16. The defendants deny that defendant Lawrence Streeter did not sponsor and refused to sponsor female employees for training. The defendants admit that female employees

were sponsored to the intermittent academy. The defendants admit that Kozacka resigned from the Department.

17. The defendants deny the allegations contained in Paragraph 17.

18. The defendants deny the allegations contained in Paragraph 18.

19. The defendants deny the allegations contained in Paragraph 19.

20. The defendants deny the allegations contained in Paragraph 20.

21. The defendants admit the allegations contained in Paragraph 21.

22. The defendants deny the allegations contained in Paragraph 22.

23. The defendants deny the allegations contained in Paragraph 23.

24. The defendants deny the allegations contained in Paragraph 24.

25. The defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 25.

26. The defendants deny the allegations contained in Paragraph 26.

27. The defendants admit that Searle objected to Town's salaries.

28. The defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 28. The defendants further state that Searle filed no such Complaint.

29. The defendants admit the allegations contained in Paragraph 29.

30. The defendants admit that in 2000 a full-time dispatcher suffered injuries in a car accident. The defendants deny the remaining allegations contained in Paragraph 30 that shifts were filled in violation of the terms of any union contract.

31. The defendants deny the allegations contained in Paragraph 31.

32. The defendants deny the allegations contained in Paragraph 32.

33. The defendants admit that Simmons would relieve the plaintiff of her duties at the dispatcher console while she took a break. The defendants deny the remaining allegations contained in Paragraph 33.

34. The defendants deny the allegations contained in Paragraph 34.

35. The defendants deny the allegations contained in Paragraph 35.

36. The defendants admit that Chief Streeter spoke with the plaintiff regarding contract negotiations. The defendants deny the remaining allegations contained in Paragraph 36.

37. The defendants admit that Officer Eugene Scione and Sergeant Sullivan had filed complaints against the plaintiff. The defendants deny the remaining allegations contained in Paragraph 37.

38. The defendants deny the allegations contained in Paragraph 38.

39. The defendants admit the allegations contained in Paragraph 39.

40. The defendants admit that on or about July 26, 2001, the plaintiff forwarded a letter to Chief Streeter. The defendants further state that the letter speaks for itself.

41. The defendants deny the allegations contained in Paragraph 41.

42. The defendants admit that on July 27, 2001, the plaintiff called in sick. The defendants deny the remaining allegations contained in Paragraph 42.

43. The defendants admit that on July 27, 2001, the plaintiff was ordered to not return to work. The defendants deny the remaining allegations contained in Paragraph 33.

44. The defendants deny the allegations contained in Paragraph 44.

45. The defendants admit that on or about August 1, 2001, Chief Streeter and the plaintiff held a meeting. The defendants deny the remaining allegations contained in Paragraph 45. The defendants admit that the Chief had a three ring binder.

46. The defendants deny the remaining allegations contained in Paragraph 46.

47. The defendants have insufficient facts to either admit or deny the allegation as to whether or not the plaintiff was aware of the incidents referred to in the three-ring binder. The defendants admit that the plaintiff requested a copy of her personnel file.

48. The defendants admit that Chief Streeter directed the plaintiff to undergo a fitness-for-duty examination. The defendants deny the remaining allegations contained in Paragraph 48.

49. The defendants admit that on or about August 1, 2001, Chief Streeter placed the plaintiff on administrative leave as a result of allegations of misconduct. The defendants deny the remaining allegations contained in Paragraph 49.

50. The defendants deny the allegations contained in Paragraph 50.

51. The defendants admit that on August 29, 2001, the plaintiff filed an action with the Massachusetts Commission Against Discrimination. The defendants deny the remaining allegations contained in Paragraph 51.

52. The defendants admit that on September 20, 2001, the plaintiff forwarded a letter to Chief Streeter. The defendants deny the remaining allegations contained in Paragraph 52.

53. In response to the allegations contained in Paragraph 53, the defendants state that the paragraph contains only conclusions of law to which no response is required.

54. The defendants admit that on November 27, 2001, the Town served a letter upon the plaintiff. In further response to the allegations in Paragraph 54, the defendants state that the letter speaks for itself. The defendants deny the remaining allegations contained within Paragraph 54.

55. The defendants admit that the plaintiff was provided with a copy of her personnel file. The defendants deny the remaining allegations contained within Paragraph 55.

56. In response to the allegations contained in Paragraph 56, the defendants state that the documents in the personnel file speak for themselves. The defendants deny the factual allegations contained within Paragraph 56.

57. The defendants deny that any sexual harassment or gender discrimination took place against the plaintiff.

58. The defendants admit that on January 25, 2002, the plaintiff sought to amend her Complaint. The defendants deny the remaining allegations contained in Paragraph 58.

59. The defendants admit that on January 31, 2002, the plaintiff was discharged. The defendants deny the remaining allegations contained within Paragraph 59.

60. The defendants admit that on or about March 31, 2004, the plaintiff requested that her Massachusetts Commission Against Discrimination action be withdrawn.

## COUNT I

61. The defendants repeat and reallege their responses to Paragraphs 1-60 in response to the allegations contained in paragraph 61.

62. The defendants deny the allegations contained in Paragraph 62.

63. The defendants deny the allegations contained in Paragraph 63.

64. The defendants deny the allegations contained in Paragraph 64.

65. The defendants deny the allegations contained in Paragraph 65.

66. The defendants deny the allegations contained in Paragraph 66.

67. The defendants deny the allegations contained in Paragraph 67.

68. The defendants deny the allegations contained in Paragraph 68.

The defendants deny that the plaintiff is entitled to the relief as demanded.

## COUNT II

69. The defendants repeat and reallege their responses to Paragraphs 1-68 in response to the allegations contained within Paragraph 69.

70. The defendants deny the allegations contained within Paragraph 70.

71. The defendants deny the allegations contained within Paragraph 71.

72. The defendants deny the allegations contained within Paragraph 72.

73. The defendants deny the allegations contained within Paragraph 73.

74. The defendants deny the allegations contained within Paragraph 74.

75. The defendants deny the allegations contained within Paragraph 75.

76. The defendants deny the allegations contained within Paragraph 76.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT III

77. The defendants repeat and reallege their responses to Paragraphs 1-76 in response to the allegations contained within Paragraph 77.

78. The defendants deny the allegations contained within Paragraph 78.

79. The defendants deny the allegations contained within Paragraph 79.

80. The defendants deny the allegations contained within Paragraph 80.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT IV

81. The defendants repeat and reallege their responses to Paragraphs 1-80 in response to the allegations contained within Paragraph 81.

82. The defendants deny the allegations contained within Paragraph 82.

83. The defendants deny the allegations contained within Paragraph 83.

84. The defendants deny the allegations contained within Paragraph 84.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT V

85. The defendants deny the allegations contained within Paragraph 85.

86. The defendants deny the allegations contained within Paragraph 86.

87. The defendants deny the allegations contained within Paragraph 87.

88. The defendants deny the allegations contained within Paragraph 88.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT VI

89. The defendants repeat and reallege their responses to Paragraphs 1-88 in response to the allegations contained within Paragraph 89.

90. The defendants deny the allegations contained within Paragraph 90.

91. The defendants deny the allegations contained within Paragraph 91.

92. The defendants deny the allegations contained within Paragraph 92.

93. The defendants deny the allegations contained within Paragraph 93.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT VII

94. The defendants repeat and reallege their responses to Paragraphs 1-93 in response to the allegations contained within Paragraph 94.

95. The defendants deny the allegations contained within Paragraph 95.

96. The defendants deny the allegations contained within Paragraph 96.

The defendants deny that the plaintiff is entitled to relief as demanded.

## COUNT VIII

97.    The defendants repeat and reallege their responses to Paragraphs 1-96 in response to the allegations contained within Paragraph 97.

98.    The defendants deny the allegations contained within Paragraph 98.

99.    The defendants deny the allegations contained within Paragraph 99.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent that she failed to file a charge with the Massachusetts Commission Against Discrimination within the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to file a charge with the Equal Employment Opportunity Commission within the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative and contractual remedies.

### SIXTH DEFENSE

Plaintiff's claims are barred as defendants were at all relevant times acting in accordance with their contractual obligations.

## SEVENTH DEFENSE

Plaintiff's claims are barred as the defendants were at all relevant times carrying out executive, administrative, and law enforcement functions in good faith, and in the reasonable belief that their actions were lawful.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they are therefore entitled to qualified immunity.

## NINTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## TENTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

## ELEVENTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

## TWELFTH DEFENSE

The municipal defendants deny all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred for failure to set forth a prima facie case of employment discrimination on the basis of handicap or perceived handicap.

### FOURTEENTH DEFENSE

Assuming that plaintiff is handicapped, which defendants deny, her claim of handicap or perceived handicap must be dismissed because she could not perform the essential functions of the job, without or without reasonable accommodation.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred for failure to set forth a prima facie case of employment discrimination on the basis of gender.

### SIXTEENTH DEFENSE

Plaintiff claims are barred for failure to plead the necessary elements for a case of hostile work environment.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the employment practices and/or decisions at issue are justified by legitimate, non-discriminatory, non-pretextual reasons.

### EIGHTEENTH DEFENSE

Defendants have complied with all statutory obligations toward the plaintiff established by G.L.c. 151B.

### NINETEENTH DEFENSE

Defendants have complied with all obligations toward the plaintiff established by 42 U.S.C. §2000e.

### TWENTIETH DEFENSE

To the extent that the Complaint purports to set forth a claim of disparate treatment, such claim must be dismissed due to plaintiff's failure to identify and compare herself to a similarly-situated employee.

### TWENTY-FIRST DEFENSE

The Complaint fails to state a claim for individual capacity liability.

### TWENTY-SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiff has failed to plead any actual damages.

### TWENTY-THIRD DEFENSE

If the plaintiff has suffered injury, her claims are barred for failure to mitigate her damages.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

### TWENTH-FIFTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

<u>JURY CLAIM</u>

The defendants respectfully demand a trial by jury.

DEFENDANTS,

TOWN OF SALISBURY
LAWRENCE STREETER,

By their attorney,

*[signature]*
David C. Jenkins (BBO# 251000)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

219492/60700/0143

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 5/3/04
*[signature]*