UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE )<br>    Plaintiff )<br> )<br>v. )<br> )<br> )<br>SALISBURY )<br>POLICE DEPARTMENT and, )<br>LAWRENCE STREETER )<br>    Defendants. )<br> ) | Civil Action No. 2004CV10791RCL |

## SUPPLEMENTAL JOINT STATEMENT BY THE PARTIES

The parties hereby supplement their joint statement to include a concise summary of their respective positions pursuant to Part I.D(2) of the Notice of Scheduling Conference and Additional Matters:

### Plaintiff's Concise Statement

In the within sexual harassment/gender discrimination matter, Susan M. Searle, a former dispatcher, asserts claims against the Town of Salisbury (Massachusetts) Police Department and its former Chief, Lawrence Streeter, for violations of M.G.L. c. 151B and c. 214 §1C, Title VII, Federal Equal Pay Act, Massachusetts Equal Rights Act, Federal Civil Rights Act, and various common law claims. From 1994 through 1996, and then from 1998 through her wrongful termination on January 31, 2002, Plaintiff Susan Searle worked as a full-time dispatcher, sworn special officer and matron for the Salisbury Police Department, receiving praise for her work and periodic increases in pay.

The Salisbury Police Department, through its former Chief Lawrence Streeter and others, discriminated against Searle, and all females working at the Salisbury Police Department, in a variety of ways, including, without limitation, as follows:

a.  In 2000 and 2001, Searle endured a pattern of sexual harassment in the workplace from Inspector Richard Simmons -- a pattern which included, among other things, Simmons' attempts to place his hand down the front of Searle's uniform.

b.  From 1994 through 2001, Streeter refused to permit Searle and other female dispatchers to perform lucrative construction details. At one point, he told her, in essence, "no woman in my department would ever do a detail, so shut up and get back to your job."

c.  Streeter held the female dispatchers to a higher standard of conduct than the men, and he often degraded, belittled and insulted the female dispatchers. He subjected Searle to such comments – even about her looks. Streeter subjected female dispatchers to comprehensive testing and training to which male dispatchers were not subjected in order to serve as dispatchers. The Salisbury Police Department subjected females, including, without limitation, Searle, to humiliation and degradation in the presence of co-workers for violating the dress code. Streeter did nothing to stop the officers from degrading the female dispatchers over the radio. He favored males over females within the department in terms of wages, benefits, and overtime.

d.  Searle raised concerns to Streeter, both orally and in writing, about the discrimination in the workplace, but he rebuked her. In response to one such effort, Streeter wrote, "Thanks Susan, but your opinion really isn't valued here. Thanks for trying however."

In or around July, 2001, two officers filed false complaints against Searle, allegedly in an effort to retaliate against Searle for seeking to end the discrimination. Shortly thereafter, Searle was told to stay home from work for several days. Thereafter, Streeter produced, for the first

time, an allegedly fabricated log of entries of purported wrongful conduct of Searle. Streeter, without any basis or reason therefor, placed Searle on administrative leave.

On or about August 29, 2001, Searle commenced a timely action with the Massachusetts Commission Against Discrimination. On or about January 31, 2002, the Salisbury Police Department, wrongfully, and without any basis therefor, discharged Searle.

As a result of the Defendants' wrongful conduct, Searle has suffered great emotional distress, humiliation and embarrassment. She was insulted, demeaned and prevented from working lucrative construction details simply because of her gender. She was sexually harassed in the police station. She lost her job. She was placed on an anti-depressant (Celexa) to deal with the emotional distress. She endured retaliation simply for trying to correct the wrongs present in the police station.

**Defendants' Concise Statement**

The Defendants deny the allegations contained in Plaintiff's complaint and re-assert the Affirmative Defenses as stated in Defendants' Answer. In addition, the Defendants deny Plaintiff's claim that the Defendants' actions were gender-related or motivated by discriminatory animus. Rather, Defendants maintain that their actions with respect to the Plaintiff were legitimate business decisions and legitimate disciplinary actions based on Plaintiff's violations of the Salisbury Police Department rules and regulations. Further, the Defendants contend that Plaintiff lacked the proper training and qualifications to work outside details.

The Plaintiff
Susan Searle
By Her Attorneys,

_____
James B. Krasnoo  (BBO#279300)
Paul J. Klehm  (BBO#561605)
Law Offices of James B. Krasnoo
23 Main Street, Terrace Level
Andover, MA  01810
(978) 475-9955

Dated:  August 18, 2004

The Defendants
Town of Salisbury,
Salisbury Police Department,
and Lawrence Streeter
By Their Attorneys,

_____
David Jenkins (BBO # 251000)
Carolyn M. Murray (BBO #653873)
Kopelman and Paige, P.C.
31 St. James Street
Boston, MA 02116
(617) 556-0007

Dated:  August 18, 2004

4