UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
SUSAN SEARLE                        )
     Plaintiff                      )
                                    )
     v.                             )    Docket No. 04-10791-RCL
                                    )
TOWN OF SALISBURY,                  )
POLICE DEPARTMENT and,              )
LAWRENCE STREETER                   )
     Defendants                     )
_____    )
```

**PLAINTIFF SUSAN SEARLE'S MOTION TO COMPEL ANSWERS TO
INTERROGATORIES FROM DEFENDANT LAWRENCE STREETER**

The Plaintiff, Susan Searle, hereby moves pursuant to Fed.R.Civ.P. 33 for this court to issue an order compelling the Defendant Lawrence Streeter, to answer interrogatories in response to Interrogatories 3, 6, 8, 11 through 13 and 16 of Plaintiff Susan Searle's First Set of Interrogatories Propounded to Defendant Lawrence Streeter within ten days.

**INTRODUCTION**

On or about March 31, 2004, Plaintiff Susan Searle filed a Complaint and Demand for Jury Trial seeking to recover damages from the Defendants Salisbury Police Department and its employee former Chief Lawrence Streeter for violations of M.G.L. c. 151B and c. 214 §1C, Title VII, Federal Equal Pay Act, Massachusetts Equal Rights Act, Federal Civil Rights Act, and various common law claims, arising out of various acts of discrimination against Searle, a former dispatcher for the Salisbury Police Department.

On May 27, 2004, Plaintiff Susan Searle served her first set of Interrogatories upon Defendant Lawrence Streeter. On September 21, 2004, the Defendant Lawrence Streeter served his answers thereto upon the Plaintiffs. In his answers, Lawrence Streeter objects to the several

of the Interrogatories on the grounds, in essence, that the requests are, "vague, overbroad, and unduly burdensome." (See copy of Answers by the Defendant, Lawrence Streeter, to Interrogatories Propounded by the Plaintiff, attached hereto a **Exhibit A**). Through this motion, Searle seeks to compel Defendant Streeter to provide answers to Interrogatories Nos. 3, 6, 8, 11 through 13 and 16.

## INTERROGATORIES AND ARGUMENTS

**Interrogatory No. 3**

Please describe any and all communications between you and/or any past or present officers, agents, servants, or employees of Defendant Town of Salisbury and any other individual (excluding counsel), including, without limitation, Susan Searle, regarding the allegations of Plaintiff's Complaint and/or the events alleged therein. As to each communication, please state:

    (a)    the nature of the communication;

    (b)    who initiated the communication;

    (c)    the date of the communication;

    (d)    the parties to the communication;

    (e)    the substance of the communication; and,

    (f)    identify any and all documents concerning the communication.

**Answer to Interrogatory No. 3**

I object to Interrogatory No. 3 on the basis that it is vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in Interrogatory form.

**Argument**

Through this Interrogatory, Searle seeks, in essence, to obtain information regarding communications which Defendant Streeter had with anyone regarding the events alleged in the Complaint. The Complaint describes numerous events in which the Salisbury Police Department, through various employees, including, without limitation Streeter, engaged in discriminatory acts against Searle. Such communications are plainly relevant to this case at bar. Searle is entitled to learn what Streeter told others about the incidents alleged in the Complaint. In fact, for Streeter to contend that the request is unduly burdensome suggests that Streeter had numerous conversations with people about Searle's allegations. Searle is entitled to know who Streeter spoke with, when and what was said. Such information may reveal Streeter's perspective on the incidents and/or may demonstrate what actions Streeter took after the incidents. In short, the interrogatory is reasonably calculated to lead to the discovery of admissible evidence, and Defendant Streeter should be compelled to provide a complete answer. For Streeter not to answer risks a situation at trial at which he may be barred from presenting any evidence which is responsive to this interrogatory.

As a result, Plaintiff Searle respectfully requests that this Court compel Defendant Streeter to answer to Interrogatory No. 3 within ten days.

**Interrogatory No. 6**

Please list the names, home addresses, and business addresses of any and all persons having knowledge of the subject matter of the Plaintiff's Complaint, including in your answer a summary of the testimony expected as to each witness.

**Answer to Interrogatory No. 6**

1. Lawrence Streeter

2. Suzan(*sic*) Searle

3. Richard A. Simmons, Acting Chief of Police c/o Salisbury Police Department

4. Kristine Harrison, Dispatch Coordinator c/o Salisbury Police Department

5. Sergant Rober Roy, Salisbury Police Department

6. Joseph Roache; c/o Essex County Sheriff's Department

7. Ann Champaigne; c/o Salisbury Police Department

I reserve the right to supplement this response.

**Argument**

Through this interrogatory, Searle seeks names, home addresses, businesses addresses and a summary of the expected testimony of the witnesses. Defendant Streeter simply provides a list of names and business addresses in response. The interrogatory is reasonably calculated to lead to the discovery of admissible evidence, especially where Defendants have yet to provide any automatic disclosures.[1] Searle is entitled to the home addresses of these individuals so that she may subpoena witnesses for trial, if necessary, and so she can complete her discovery. The mere fact that these individuals are or were with the Salisbury Police does not render the information privileged or non-discoverable. Finally, Searle is entitled to obtain a summary of the testimony expected as to each witness. Such information is not privileged and may lead to the discovery of admissible evidence.

As a result, Plaintiff Searle respectfully requests that this Court compel Defendant Streeter to answer to Interrogatory No. 6 within ten days.

---

[1] On or about September 29, 2004, Searle filed a Request for Default for Defendants' failure to serve automatic disclosures.

**Interrogatory No. 8**

Please set forth any and all of the Town of Salisbury's policies and procedures in effect at any time during January, 1990 through December, 2001 with regard to sexual harassment and/or retaliation in the workplace.

**Answer to Interrogatory No. 8**

A copy of the policy is attached and marked as Exhibit No. 1.

### Argument

To date Plaintiff has not received Exhibit 1.

As a result, Plaintiff Searle respectfully requests that this Court compel Defendant Streeter to provide the document referred to in answer to Interrogatory No. 8 within ten days.

**Interrogatory No. 11**

Please state the circumstances under which you prepared and/or compiled a notebook and/or binder containing allegations pertaining to Susan Searle, including, without limitation, the date on which you began compiling the information.

**Answer to Interrogatory No. 11**

I prepared the notebook as Chief of Police. I do not recall the date when I complied the notebook.

### Argument

Defendant Lawrence Streeter has failed to answer a portion of Interrogatory No. 11. He has not provided any information as to under what circumstances he compiled a notebook or binder containing allegations of wrongdoing by Susan Searle which he presented to her on or about the day he placed her on administrative leave. Such information is directly related to her claims for discrimination and retaliation and is reasonably calculated to lead to the discovery of

admissible evidence, especially where Searle is alleging that the binder included fabricated contacts. (Complaint ¶46) A response that he "prepared the notebook as Chief of Police" avoids the question of the circumstances under which he prepared and/or compiled a notebook pertaining to Ms. Searle. If he kept similar notebooks for all employees, he should so state. If he compiled a notebook regarding Susan Searle only, he so should state. Such information is directly relevant to her claims of discrimination and retaliation. Defendant Streeter cannot simply remain silent and ignore the questions asked of him.

As a result, Plaintiff Searle respectfully requests that this Court compel Defendant Streeter to answer to Interrogatory No. 12 within ten days.

**Interrogatory No. 12**

As to each incident described in Plaintiff's Complaint, please state:

a. whether you recall the incident and/or the general circumstances of the incident alleged, and

b. your recollection of the incident alleged.

**Answer to Interrogatory No. 12**

I object to Interrogatory No. 3(*sic*) on the basis that it is vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in Interrogatory form.

**Argument**

See Argument regarding Answer to Interrogatory No. 6, *supra*.

**Interrogatory No. 13**

Please state whether, during your tenure as Chief of Police in the Town of Salisbury, you ever permitted a female to handle a construction detail. If so, please identify the female(s) who performed such duty and list the date(s) on which she (they) did so.

**Answer to Interrogatory No. 13**

I object to Interrogatory No. 13 on the basis that it is vague and argumentative. Without waiving the objection, the policy of the Town was to allow any qualified employee to work construction details.

**Argument**

In his answer, Defendant Streeter seeks to avoid answering whether he ever permitted a female to handle construction details. Such information is directly relevant to Searle's claims that Streeter discriminated against Searle and other females by refusing to permit females to handle construction details. The answer is non-responsive.

As a result, Plaintiff Searle respectfully request that this Court compel Defendant Streeter to answer to Interrogatory No. 13 within ten days.

**Interrogatory No. 16**

To the extent that males employed by the Town of Salisbury Police Department handled any duties not handled by females employed by the Town of Salisbury Police Department, please state why.

**Answer to Interrogatory No. 16**

All employees performed those duties required of their positions.

**Argument**

Once again, as with his answer to Interrogatory No. 13, Defendant Streeter has avoided answering the interrogatory directly.  Instead of stating why males handled certain duties not handled by females (to the extent applicable), Chief Streeter answers vaguely by stating that "All employees performed those duties required of their positions."  The answer to that question is relevant to Searle's claims of disparate treatment of males and females in the police department.  While Streeter's answer may be clever, it is not responsive.  Streeter cannot only answer the questions he wishes to answer.

As a result, Plaintiff Searle respectfully request that this Court compel Defendant Streeter to answer to Interrogatory No. 16 within ten days.

**WHEREFORE**, for the above reasons, the Defendants respectfully request that this Court GRANT the within motion and order Defendant Lawrence Streeter to provide complete answers to Interrogatories 3, 6, 8, 11 through 13 and 16 within ten days.

|  |  |
|---|---|
|  | The Plaintiff<br>Susan Searle<br>By Her Attorneys, |
|  | /s/ Paul J. Klehm<br>James B. Krasnoo  BBO#  279300<br>Paul J. Klehm  BBO#  561605<br>Law Offices of James B. Krasnoo<br>23 Main Street<br>Terrace Level<br>Andover, MA 01810 |
| Dated:  October 7, 2004 | (978) 475-9955 |

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2)

On September 22, 2004, I forwarded a letter to Attorney Jenkins, counsel to Defendants, identifying the particular interrogatories on which I intend to move to compel. In the letter, I asked Attorney Jenkins to contact me regarding same, by September 28, 2004, but I did not hear from him. I left a telephone message for Attorney Jenkins on September 29, 2004, at approximately 11:15 a.m. regarding, among www things, the within motion.

Dated October 7, 2004                     /s/ Paul J. Klehm
                                          Paul J. Klehm


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on October 7, 2004.

                                          /s/ Paul J. Klehm
                                          Paul J. Klehm