UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

| | |
|---|---|
| SUSAN SEARLE,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF SALISBURY, SALISBURY POLICE DEPARTMENT, and LAWRENCE STREETER,<br><br>    Defendants. | ANSWERS BY THE DEFENDANT, LAWRENCE STREETER, TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF |

## GENERAL OBJECTIONS

The defendant objects to the "Instructions" and "Definitions" interposed by the plaintiff to the extent they purport to impose obligations on the defendant which are contrary to and in excess of those imposed by Rule 33, Fed. R. Civ. P.

## INTERROGATORY NO. 1

Please identify yourself by stating your full name, occupation, residential address, and business address.

## ANSWER NO. 1

Lawrence E. Streeter, Chief of Police; 116 Bear Hill Road, Merrimac, MA; 2 Amesbury Road, Newton, New Hampshire.

INTERROGATORY NO. 2

Please list each and every position or title which you held within the Town of Salisbury Police Department, the dates on which you held same, and all of your reason(s) for leaving the Town of Salisbury Police Department.

ANSWER NO. 2

Chief of Police, May, 1989 to December 31, 2002. I retired on December 21, 2002; Reserve Patrolman, May, 1970 to April, 1976 – transferred to Amesbury, MA Police Department.

INTERROGATORY NO. 3

Please describe any and all communications between you and/or any past or present officers, agents, servants or employees of Defendant Town of Salisbury and any other individual (excluding counsel), including, without limitation, Susan Searle, regarding the allegations of Plaintiff's Complaint and/or the events alleged therein. As to each communication, please state:

(a) the nature of the communication;
(b) who initiated the communication;
(c) the date of the communication;
(d) the parties to the communication;
(e) the substance of the communication; and
(f) identify any and all documents concerning the communication.

ANSWER NO. 3

I object to Interrogatory No. 3 on the basis that it is vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in Interrogatory form.

INTERROGATORY NO. 4

Please state the full name and address of each person whom you expect to call upon as an expert witness at trial, together with the details of each such person's education, training, qualifications, and background in his or her field of expertise.

ANSWER NO. 4

I have not yet selected an expert witness to testify in this matter. I reserve the right to supplement this response.

INTERROGATORY NO. 5

With respect to each expert witness you expect to call at trial, as referred to in the previous interrogatory, please:

    (a)    State the substance of facts and opinion to which each expert witness is expected to testify; and
    (b)    State a summary of the grounds of each such opinion of each such expert witness.

ANSWER NO. 5

Not applicable.

INTERROGATORY NO. 6

Please list the names, home addresses, and business addresses of any and all persons having knowledge of the subject matter of the Plaintiff's Complaint, including in your answer a summary of the testimony expected as to each witness.

ANSWER NO. 6

    1. Lawrence Streeter

    2. Suzan Searle

    3. Richard A. Simmons, Acting Chief of Police c/o Salisbury Police Department

    4. Kristine Harrison, Dispatch Coordinator c/o Salisbury Police Department

    5. Sergeant Robert Roy, Salisbury Police Department

    6. Joseph Roache; c/o Essex County Sheriff's Department

    7. Ann Champaigne; c/o Salisbury Police Department

I reserve the right to supplement this response.

## INTERROGATORY NO. 7

Please state whether you and/or any past or present officers, agents, servants or employees of the Town of Salisbury Police Department, including you, have ever been accused, either orally or in writing, of engaging in discriminatory and/or retaliatory practices of any kind by anyone, including, without limitation, Susan Searle, at any time from January, 1990 to the present, including in your answer, as to any such allegations:

    (a)    the identities of the accuser and accused;
    (b)    the nature of the charge;
    (c)    the date on which the charge was made;
    (d)    whether the matter was the subject of civil and/or criminal proceedings in court, the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission; and, as to each such proceeding,
    (e)    describe in detail the investigation conducted, if any, and identify the person(s) who conducted such investigation;
    (e)(sic)  the disposition of the claim.

## ANSWER NO. 7

I have not been accused of engaging in discriminatory for retaliatory practice by anyone other than Suzan Searle. I do not know whether such claim were brought against my other employee.

## INTERROGATORY NO. 8

Please set forth any and all of the Town of Salisbury's policies and procedures in effect at any time during January, 1990 through December, 2001 with regard to sexual harassment and/or retaliation in the workplace.

ANSWER NO. 8

A copy of the policy is attached and marked as Exhibit No. 1.

INTERROGATORY NO. 9

Please state any and all dates on which Susan Searle informed the Town of Salisbury, its officers, agents, servants or employee, including, without limitation, you, that you or any officers, agents, servants or employees of the Town of Salisbury were engaging, or did engage, in any wrongful conduct, including, without limitation, gender discrimination, sexual discrimination and/or harassment and/or unwanted physical touching in the workplace, with regard to Susan Searle, including in your answer, as to each such instance, the identification of all persons present, the date of the communication and the substance of the communication.

ANSWER NO. 9

Suzan Searle made no such complaint during the time she was employed by the Town.

INTERROGATORY NO. 10

Please state in detail any and all steps taken and/or policies implemented by the Town of Salisbury, its officers, agents, servants or employees, including, without limitation, you, to investigate and/or address any allegations of sexual harassment, gender discrimination and/or retaliation made by Susan Searle against any officer, agent, servant or employee of the Town of Salisbury, including you.

ANSWER NO. 10

Suzan Searle made no such allegations during the time she was employed by the Town.

INTERROGATORY NO. 11

Please state the circumstances under which you prepared and/or compiled a notebook and/or binder containing allegations pertaining to Susan Searle, including, without limitation, the date on which you began compiling the information.

ANSWER NO. 11

I prepared the notebook as Chief of Police. I do not recall the date when I compiled the notebook.

INTERROGATORY NO. 12

As to each incident described in Plaintiff's Complaint, please state:

(a) whether you recall the incident and/or the general circumstances of the incident alleged, and
(b) your recollection of the incident alleged.

ANSWER NO. 12

I object to Interrogatory No. 3 on the basis that it is vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in Interrogatory form.

INTERROGATORY NO. 13

Please state whether, during your tenure as Chief of Police in the Town of Salisbury, you ever permitted a female to handle a construction detail. If so, please identify the female(s) who performed such duty and list the date(s) on which she (they) did so.

ANSWER NO. 13

I object to Interrogatory No. 13 on the basis that it is vague and argumentative. Without waiving the objection, the policy of the Town was to allow any qualified employee to work construction details.

INTERROGATORY NO. 14

Please state whether, from 1995 to the date on which you ceased working for the Town of Salisbury Police Department, you treated women employees of the Town of Salisbury Police Department differently from male employees of the Town of Salisbury Police Department in any manner whatsoever, and, if so, state how and why you treated them differently.

ANSWER NO. 14

No.

INTERROGATORY NO. 15

Please set forth the duties of any and all individuals employed by the Town of Salisbury Police Department from 1995 until the date you ceased working for the Town of Salisbury Police Department.

ANSWER NO. 15

The Police Department employed person in the following job categories:

1. Police Officer;
2. Dispatchers;
3. Investigators;
4. Animal Control;
5. Meter Readers;
6. Clerical personnel;
7. Matrons;
8. Custodians.

INTERROGATORY NO. 16

To the extent that males employed by the Town of Salisbury Police Department handled any duties not handled by females employed by the Town of Salisbury Police Department, please state why.

ANSWER NO. 16

All employees performed those duties required of their positions.

Signed under the pains and penalties of perjury the 17th day of August, 2004.

_____
Lawrence Streeter

225815/METG/0143

As to Objections:

_____
David C. Jenkins, Esq. (BBO# 251000)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

Dated: September 21, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/21/04
_____