UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE )<br>    Plaintiff )<br>    )<br>v. )<br>    )<br>TOWN OF SALISBURY, )<br>POLICE DEPARTMENT and, )<br>LAWRENCE STREETER )<br>    Defendants )<br>    ) | Docket No. 04-10791-RCL |

**PLAINTIFF SUSAN SEARLE'S MOTION TO COMPEL DOCUMENTS IN RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT TOWN OF SALISBURY**

The Plaintiff, Susan Searle, hereby moves pursuant to Fed.R.Civ.P. 34 for this court to issue an order compelling the Defendant Salisbury Police Department, to produce documents in response to Requests Nos. 3, 12, 16, 18, 25-28, 30, 32, 34, 35, and 45-51 of Plaintiff Susan Searle's First Set of Requests for Production of Documents Propounded to Defendant Salisbury Police Department.

**INTRODUCTION**

On or about March 31, 2004, Plaintiff Susan Searle filed a Complaint and Demand for Jury Trial seeking to recover damages from the Defendants Salisbury Police Department and its employee, former Chief Lawrence Streeter, for violations of M.G.L. c. 151B and c. 214 §1C, Title VII, Federal Equal Pay Act, Massachusetts Equal Rights Act, Federal Civil Rights Act, and various common law claims, arising out of discrimination and retaliation against Searle, a former dispatcher in the Salisbury Police Department.

On June 15, 2004, Plaintiff Susan Searle served her first set of requests for production upon the Salisbury Police Department. On September 20, 2004, the Defendant Town of Salisbury served its response thereto upon Searle. In its response, Salisbury Police Department objected to the production of some of documents requested on the grounds that it the requests are, in essence, "vague, overbroad, and unduly burdensome." (See copy of Response of Defendant, Town of Salisbury, to Plaintiff's First Request For Production of Documents attached hereto a **Exhibit A**). To date, the Town of Salisbury has not produced any documents in response to Plaintiff Susan Searle's First Request For Production of Documents Propounded on Defendant Town of Salisbury, nor has the Town of Salisbury produced automatic disclosures.

## REQUESTS AND ARGUMENTS

**Request No. 3**   The complete personnel file(s), including without limitation, employment records, evalutions, recommendations, commendations, disciplinary proceedings, payroll records, employment contracts, promotions, wage, bonus and salary information of the following:

    a.    Susan Searle

    b.    Chief Lawrence Streeter

    c.    Inspector Richard Simmons (Current Interim Chief of Salisbury Police Department)

**Response to Request No. 3**

A copy of the personnel file of Susan Searle is produced in response to Request No. 2. The defendant objects to Request No. 2. The defendant objects to the production of any other personnel file on the basis that it is private, confidential and beyond the scope of allowable discovery.

**Argument**

To date, the Defendant Town of Salisbury has yet to produce the personnel file of Susan Searle, despite its indication that her personnel file would be produced in response to another request. As to the personnel files of Defendant Streeter and Inspector Simmons, both of whom Searle accuses of engaging in discriminatory conduct in her Complaint, this Court must determine whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). Massachusetts has recognized a heightened privacy interest in personnel records, and has proscribed the production of such information if there is no legitimate, countervailing interest in its production. See *Bratt v. Int'l Business Machines Corp.*, 392 Mass. 508, 518 (1984); M.G.L. c. 214 §1B.

In the case at bar, Searle has a legitimate interest in obtaining the personnel records of Streeter and Simmons for a number of reasons. The records are reasonably calculated to lead to the discovery of admissible evidence regarding several issues, including, without limitation, the following:

(a) Whether Searle did complain about Streeter's and/or Simmons' respective discriminatory actions toward her,

(b) Whether either individual was accused of and/or disciplined for discriminatory conduct by other employees, particularly females,

(c) Whether either individual received pay increases at or around the time of the alleged discriminatory acts, and

(d) Whether the personnel files of Simmons or Streeter include binders containing allegations of certain wrongful conduct.

The Plaintiff is frankly surprised that the Defendant Town of Salisbury would object to the production of Mr. Streeter's personnel file, since he is a party to this action.

Where the personnel files may lead to the discovery of admissible evidence, the Plaintiff respectfully requests that this Court order the Defendant Salisbury Police Department to produce the requested documents within ten days.

**Request No. 12**    Any and all documents, including, without limitation, Massachusetts Commission Against Discrimination Complaints, internal memoranda and reports, which refer to, reflect or regard any allegations of harassment formally or informally lodged against any (*sic*) the Salisbury Police Department by anyone from 1994 to present.

**Response to Request No. 12**

The defendant objects to Request No. 12 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

<u>**Argument**</u>

Through this request, Searle seeks to obtain information regarding other allegations of harassment lodged against any employee of the Salisbury Police Department over the past ten years. Such information is directly relevant to the issues raised in the case at bar, especially where Searle is alleging that women were treated differently than men, and that women were the subjects of discrimination in the workplace. The request, therefore, is not vague at all. If the request is unduly burdensome, then that would suggest that the records may be so voluminous that the documents sought are clearly relevant to the issues raised here. As a result, Searle requests that this Court order Defendant Salisbury Police Department to produce documents in response to request no. 12 in ten days.

**Request No. 16**   Any and all documents which refer to, relate to, or regard the assignment, and/or appointment by, of any officers, agents, servants, or employees of the Salisbury Police Department to any construction detail and/or traffic details from 1994 to present.

**Response to Request No. 16**

The defendant objects to Request No. 16 on the basis that it is vague, overbroad and is unduly burdensome.

### Argument

In the within request, Searle seeks information regarding , in essence, the assignment of employees of the Salisbury Police Department to construction details and/or traffic details over the past ten years. In her Complaint, Searle alleges that the Salisbury Police Department did not permit Searle and other women to handle such details. The within request goes squarely to one of the main claims in this case. For the Defendant to seek to escape from having to produce such evidence deprives Searle of the opportunity to obtain fair discovery. She is entitled to seek information which is reasonably calculated to lead to the discovery of admissible evidence, and the evidence sought here meets that test. Searle therefore requests that this Court order Defendant Salisbury Police Department to produce all documents responsive to Request No. 16 within ten days.

**Request No. 18**   Any and all documents which refer to, relate to, or regard the assignment, and/or appointment by, of any male of the Salisbury Police Department to any construction detail and/or traffic details from 1994 to present.

**Response to Request No. 18**

The defendant objects to Request No. 18 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle repeats and realleges her argument with regard to Request No. 16, *supra*. Searle therefore requests that this Court order Defendant Salisbury Police Department to produce all documents responsive to Request No. 18 within ten days.

**Request No. 25**     Any and all emails written by, and/or sent by, and/or revealed by any officers, agents, servants, or employees of the Salisbury Police Department which refer to, reflect, or regards Susan Searle.

**Response to Request No. 25**

The defendant objects to Request No. 25 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

In Request No. 25, Searle seeks to obtain copies of any and all emails which were written about her. Such emails are entirely relevant to the issues raised in the case at bar. To the extent that the Salisbury Police Department has the emails categorized and/or has the capacity to conduct electronic email searches, such information must be produced. Otherwise, Searle requests that she be afforded the opportunity to bring a computer expert to the Salisbury Police Department, or other appropriate location, for the purpose of mining the police department's computers for such information. The information sought is reasonably calculated to lead to the discovery of admissible evidence. There is nothing about the request which is overbroad. As a

result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested documents within ten days. Alternatively, Searle requests leave to bring a computer expert to the Salisbury Police Department, or other appropriate location, for the purpose of examining the police department's computers for such information, upon approval of appropriate protocols by the Court.

**Request No. 26**    Any and all communications, including without limitation, memos, emails, or letters, between Chief Streeter and Searle.

**Response to Request No. 26**

The defendant objects to Request No. 26 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates herein by reference her argument with regard to Request No. 25, *supra*. As a result, Searle requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 27**    Any and all documents which relate to, refer to, reflect, or regard any and all reasons why Lawrence Streeter is no longer employed by the Salisbury Police Department.

**Response to Request No. 27**

The defendant objects to Request No. 27 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

**Argument**

Chief Streeter left his employment with the Salisbury Police Department in late 2002, after Searle was terminated from the Salisbury Police Department but while the action before the Massachusetts Commission Against Discrimination was pending. Searle does not know whether Streeter's departure was in any way connected with Searle's MCAD action. Her request is reasonably calculated to lead to the discovery of admissible evidence. She requests, therefore, that this Court order Defendant Salisbury Police Department to produce the documents requested in Request No. 27 within ten days.

**Request No. 28**   Any and all documents which demonstrate any and all financial terms agreed to by Chief Streeter and the Salisbury Police Department at or around the time of his departure from the Salisbury Police Department including, without limitation, any and all severance agreements.

**Response to Request No. 28**

The defendant objects to Request No. 28 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

**Argument**

Searle incorporates herein by reference her argument with regard to Response No. 27, *supra*. As a result, Searle requests that this Court compel Defendant to produce documents responsive to the within requests within ten days.

**Request No. 30**   Any and all files maintained by Chief Streeter at any time which relate to any officers, agents, servants, or employees of the Salisbury Police Department.

8

**Response to Request No. 30**

The defendant objects to Request No. 30 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Through this request, Searle seeks to learn whether she is the only employee of the Salisbury Police Department about whom Chief Streeter maintained a binder containing alleged incidents of misconduct. If so, that would suggest that Searle was unfairly singled out for disparate treatment. If necessary, the Salisbury Police Department may redact privileged information, subject to Searle's right to compel the redacted portions. This request is reasonably calculated to lead to the discovery of admissible evidence. As a result, Searle requests that this Court order Defendant Salisbury Police Department to produce documents responsive to Request No. 30 in ten days.

**Request No. 32**   Any and all documents which list the identities of each and every officer of the Salisbury Police Department disciplined by the Salisbury Police Department from 1994 to present.

**Response to Request No. 32**

The defendant objects to Request No. 32 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Through this request, Searle seeks to learn what officers have been disciplined and whether they are males. Such information is relevant to her claims that females were discriminated against in the workplace. As a result, Searle requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 34**     Any and all dispatch communications, including without limitation, tape cassettes or transcriptions of tape cassettes between Searle and any officers, agents, servants, or employees of Salisbury Police Department.

**Response to Request No. 34**

The defendant objects to Request No. 34 on the basis that it is vague, overbroad and is unduly burdensome.

## Argument

Searle incorporates herein by reference her agreement with regard to Request No. 25, *supra*. Additionally, in this action, Searle alleges, among other things, that the male officers mistreated her over the radio while she worked as a dispatcher. Searle is entitled to obtain copies of her own statements, to the extent they exist, so that she may examine this issue. Such request is reasonably calculated to lead to the discovery of admissible evidence. As a result, Searle requests that this Court compel the Salisbury Police Department to produce the requested records within ten days.

**Request No. 35**     Any and all documents that refer to, reflect, reveal, or regard the Salisbury Police Department sending officers, agents, servants, or employees, to any training or police academy or having any officers agents, servants or employees go to any training or police academy.

**Response to Request No. 35**

The defendant objects to No. 16 [sic] on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Through this claim, Searle contends that she (and other females) were discriminated against with regard to their ability to attend training and the police academy. This request is tailored to obtain information on this issue. Searle therefore requests that this Court compel the Salisbury Police Department to produce such records within ten days.

**Request No. 45**     Any and all documents that refer to, reflect, reveal, or regard the assignment of any officers, agents, servants, or employees of the Salisbury Police Department to overtime at any time from 1999 to the present within the Salisbury Police Department.

**Response to Request No. 45**

The defendant objects to Request No. 45 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates herein by reference her argument with regard to Request No. 35, *supra*. The information sought regarding overtime is relevant to her claims that she (and other females) were treated differently by the Salisbury Police Department because they are women. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 46**

Any and all documents that refer to, reflect, reveal, or regard the assignment of any females of the Salisbury Police Department to overtime from 1999 to the present.

**Response to Request No. 46**

The defendant objects to Request No. 46 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates by reference her argument to request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 47**    Any and all documents that refer to, reflect, reveal, or regard the assignment of any males of the Salisbury Police Department to overtime from 1999 to the present.

**Response to Request No. 47**

The defendant objects to Request No. 47 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates by reference her argument to Request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 48**    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of dispatchers of Salisbury Police Department from 1999 to the present.

**Response to Request No. 48**

The defendant objects to Request No. 48 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates by reference her argument to Request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 49**    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of female dispatchers at Salisbury Police Department from 1999 to the present.

**Response to Request No. 49**

The defendant objects to Request No. 49 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates by reference her argument to Request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 50**    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of male dispatchers at Salisbury Police Department from 1999 to the present.

**Response to Request No. 50**

The defendant objects to Request No. 50 on the basis that it is vague, overbroad and is unduly burdensome.

**Argument**

Searle incorporates by reference her argument to Request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**Request No. 51**    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of any temporary and/or part time dispatchers at Salisbury Police Department from 1999 to the present.

**Response to Request No. 51**

The defendant objects to Request No. 51 on the basis that it is vague, overbroad and is unduly burdensome.

**<u>Argument</u>**

Searle incorporates by reference her argument to Request No. 45, *supra*. As a result, Searle respectfully requests that this Court order the Salisbury Police Department to produce the requested records within ten days.

**WHEREFORE**, for the above reasons, Plaintiff Searle respectfully requests that this Court GRANT the within motion and order Defendant Town of Salisbury to provide all documents responsive to requests Nos. 3, 12, 16, 18, 25-28, 30, 32, 34, 35, and 45-51.

    The Plaintiff
    Susan Searle
    By Her Attorneys


    <u>/s/ Paul J. Klehm</u>
    James B. Krasnoo (BBO# 279300)
    Paul J. Klehm (BBO# 561605)
    Law Offices of James B. Krasnoo
    23 Main Street
    Andover, MA  01810
    (978) 475-9955

Dated:  October 7, 2004

**<u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2)</u>**

On September 21, 2004, I forwarded a letter to Attorney Jenkins, counsel to Defendants, identifying the particular interrogatories on which I intend to move to compel. In the letter, I asked Attorney Jenkins to contact me regarding same, by September 28, 2004, but I did not hear from him. I left a telephone message for Attorney Jenkins on September 29, 2004, at

approximately 11:15 a.m. regarding, among other things, the within motion.


Dated October 7, 2004                    /s/ Paul J. Klehm
                                         Paul J. Klehm

## CERTIFICATE OF SERVICE

    I, Paul J. Klehm, counsel to Plaintiff, hereby certify that I have served the within document upon all counsel of record by mail on October 7, 2004.


                                         /s/ Paul J. Klehm
                                         Paul J. Klehm