*Exhibit* A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

    Plaintiff,

v.

TOWN OF SALISBURY, SALISBURY
POLICE DEPARTMENT, and LAWRENCE
STREETER,

    Defendants.

RESPONSE BY THE DEFENDANT,
TOWN OF SALISBURY, TO
PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

## GENERAL OBJECTIONS

The defendant objects to the "Instructions" and "Definitions" interposed by the plaintiff to the extent that it imposes obligations on the defendant which are contrary to and/or in excess of those imposed by Rule 34, Fed. R. Civ. P.

REQUEST NO. 1

Any and all documents relating to any oral or written communications between Susan Searle and Town of Salisbury, including, without limitation, the Salisbury Police Department (collectively, the Salisbury Police Department), its officers, agents, servants or employees, or anyone acting on its behalf, which relate to, refer to, reflect or regard the allegations of the Complaint.

RESPONSE NO. 1

The defendant objects to Request No. 1 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

REQUEST NO. 2

Any and all documents which the Defendant intends to offer at any hearing of this matter.

RESPONSE NO. 2

Copies of all such documents will be produced under separate cover.

REQUEST NO. 3

The complete personnel file(s), including, without limitation, employment records, evaluations, recommendations, commendations, disciplinary proceedings, payroll records, employment contracts, promotions, wage, bonus and salary information of the following:

a. Susan Searle

b. Chief Lawrence Streeter

c. Inspector Richard Simmons (Current Interim Chief of Salisbury Police Department)

RESPONSE NO. 3

A copy of the personnel file of Susan Searle is produced in response to Request No. 2. The defendant objects to Request No. 2. The defendant objects to the production of any other personnel file on the basis that it is private, confidential and beyond the scope of allowable discovery.

REQUEST NO. 4

Any and all written and/or oral communications, including, without limitation, emails, between Police Department, its officers, agents, servants or employees, and any other person or entity, including, without limitation, Salisbury Police Department's insurers and/or disability insurers, their officers, agents, servants or employees, where such communications relate to any of the matters alleged in the Plaintiff's Complaint.

RESPONSE NO. 4

There are no such documents in the possession of the defendant.

REQUEST NO. 5

Any and all notes, records or memoranda of communications or other oral communications between and/or among Salisbury Police Department, its officers, agents, servants, or employees and any unions Susan Searle is or was affiliated with, relating to any of the matters alleged in the Plaintiff's Complaint.

RESPONSE NO. 5

There are no such documents beyond those previously produced.

REQUEST NO. 6

Any and all documents, including, without limitation, medical records, reports, examinations, notes, psychological records, memoranda, tests, test results, correspondents (sic), intake information, treatment notes, prescriptions, diagnoses and prognoses, including, without limitation, any such documents prepared by or on behalf of, Salisbury Police Department, which refer to, relate to, reflect or regard the Plaintiff.

RESPONSE NO. 6

All such documents have been produced in response to Request No. 2.

REQUEST NO. 7

Any and all documents, including, without limitation, reports, memoranda and photographs, which refer to, relate to, reflect or regard any investigation of any complaints of harassment, including without limitation, sexual harassments, made by the Plaintiff.

RESPONSE NO. 7

All such documents have been produced in response to Request No. 2.

REQUEST NO. 8

Any and all documents, including, without limitation, reports, memoranda, and photographs, which refer to, relate to, reflect or regard any investigation of any conduct of Searle.

RESPONSE NO. 8

All such documents have been produced in response to Request No. 2.

REQUEST NO. 9

Any and all documents, including, without limitation, employee handbooks, policy and procedure manuals, handouts, memoranda, or office emails, which refer to, relate to, reflect or regard any and all practices and procedures implemented and/or maintained by the Salisbury Police Department, its officers, agents, servants or employees with regard to protecting employees against harassment, including, without limitation, sexual harassment.

RESPONSE NO. 9

A copy of any policy will be produced.

REQUEST NO. 10

Any and all documents, including, without limitation, photographs and reports, which depict or describe Susan Searle engage in any conduct inconsistent with her claimed injuries.

RESPONSE NO. 10

All such documents have been produced in response to Request No. 2.

REQUEST NO. 11

Any and all employee handbooks presented to the Plaintiff and any and all updates thereto, and any and all acknowledgments of receipt thereof executed by Searle.

RESPONSE NO. 11

There is no such document.

REQUEST NO. 12

Any and all documents, including, without limitation, Massachusetts Commission Against Discrimination Complaints, internal memoranda and reports, which refer to, relate to, reflect or regard any allegations of harassment formally or informally lodged against any (sic) the Salisbury Police Department by anyone from 1994 to present.

RESPONSE NO. 12

The defendant objects to Request No. 12 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

REQUEST NO. 13

Any and all documents, including, without limitation, training manuals, videotapes, handouts, seminar materials, attendance records and sign-in forms, which refer to, relate to, reflect or regard any training or seminars put on by Defendant regarding harassment, including, without limitation, sexual harassment.

RESPONSE NO. 13

The defendant has undertaken a search of its records and will produce any such documents. The defendant reserves the right to supplement this response.

REQUEST NO. 14

Any and all written and/or oral communications, including, without limitation, emails, between or among any officers, agents, servants or employees of Salisbury Police Department, where such communications relate to any of the matters alleged in the Complaint.

RESPONSE NO. 14

All such documents have been produced in response to Request No. 2.

REQUEST NO. 15

Copies of any and all insurance policies and/or declarations pages, the proceeds of which may be available to satisfy Susan Searle in the event that she is successful in her claims against Salisbury Police Department.

RESPONSE NO. 15

The defendant states that there is no such insurance policy as defined in the request.

REQUEST NO. 16

Any and all documents which refer to, relate to, or regard the assignment, and/or appointment by, of any officers, agents, servants, or employees of the Salisbury Police Department to any construction detail and/or traffic details from 1994 to present.

RESPONSE NO. 16

The defendant objects to Request No. 16 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 17.

Any and all documents which refer to, relate to, or regard the assignment, and/or appointment by, of any female of the Salisbury Police Department to any construction detail and/or traffic details from 1994 to present.

RESPONSE NO. 17

There are no such documents.

REQUEST NO. 18

Any and all documents which refer to, relate to, or regard the assignment, and/or appointment by, of any male of the Salisbury Police Department to any construction detail and/or traffic details from 1994 to present.

RESPONSE NO. 18

The defendant objects to Request No. 18 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 19

Any and all documents which refer to, reflect, or regard the hiring of officers, agents, servants, or employees of the Salisbury Police Department on the basis of gender from 1994 to present.

RESPONSE NO. 19

The defendant objects to Request No. 19 on the basis that it is argumentative. Without waiving the objection, the defendant is not aware of any such document.

REQUEST NO. 20

Any and all payroll records which refer to, reflect, or regard the payment of any salary and/or wages, and/or benefits of any kind by the Town of Salisbury to any officer, agent, servant, or employee of the Salisbury Police Department at any time from 1994 to present.

RESPONSE NO. 20

The defendant objects to Request No. 20 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 21

Any and all documents which relate to, refer to, reflect or regard the salaries and/or job duties of any and all females employed by the Salisbury Police Department at any time from 1994 to the present.

RESPONSE NO. 21

A copy of the job descriptions and collective bargaining agreement will be produced.

REQUEST NO. 22

Any and all documents which relate to, refer to, reflect or regard the salaries and/or job duties of any and all males employed by the Salisbury Police Department at any time from 1994 to the present.

RESPONSE NO. 22

A copy of the job descriptions and collective bargaining agreement will be produced.

REQUEST NO. 23

Any and all documents which refer to, relate to, reflect, or reveal the number of female police officers employed by the Salisbury Police Department at any time from 1994 to present.

RESPONSE NO. 23

There are no such documents.

REQUEST NO. 24

Any and all documents which refer to, relate to, reflect, or reveal the number of male police officers employed by the Salisbury Police Department at any time from 1994 to present.

RESPONSE NO. 24

A copy of the roster will be produced.

REQUEST NO. 25

Any and all emails written by, and/or sent by, and/or revealed by any officers, agents, servants, or employees of the Salisbury Police Department which refer to, reflects, or regards Susan Searle.

RESPONSE NO. 25

The defendant objects to Request No. 25 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 26

Any and all communications, including without limitation, memos, emails, or letters, between Chief Streeter and Searle.

RESPONSE NO. 26

The defendant objects to Request No. 26 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 27

Any and all documents which relate to, refer to, reflect, or regard any and all reasons why Lawrence Streeter is no longer employed by the Salisbury Police Department.

RESPONSE NO. 27

The defendant objects to Request No. 27 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

REQUEST NO. 28

Any and all documents which demonstrate any and all financial terms agreed to by Chief Streeter and the Salisbury Police Department at or around the time of his departure from the Salisbury Police Department including, without limitation, any and all severance agreements.

RESPONSE NO. 28

The defendant objects to Request No. 28 on the basis that it is vague, overbroad, unduly burdensome and seeks the production of documents beyond the scope of allowable discovery.

REQUEST NO. 29

Any and all employment contracts executed by Chief Streeter for work performed for or on behalf of the Salisbury Police Department.

RESPONSE NO. 29

There are no such documents.

REQUEST NO. 30

Any and all files maintained by Chief Streeter at any time which relate to any officers, agents, servants, or employees of the Salisbury Police Department.

RESPONSE NO. 30

The defendant objects to Request No. 30 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 31

Any and all documents which refer to, relate to, reflect, or regard any and all reasons why the Salisbury Police Department sought termination of Searle.

RESPONSE NO. 31

All such documents have been produced in response to Request No. 2.

REQUEST NO. 32

Any and all documents which list the identities of each and every officer of the Salisbury Police Department disciplined by the Salisbury Police Department from 1994 to present.

RESPONSE NO. 32

The defendant objects to Request No. 32 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 33

Any and all documents which reveal the reason(s) for the suspension of Searle.

RESPONSE NO. 33

All such documents have been produced in response to Request No. 2.

REQUEST NO. 34

Any and all dispatch communications, including without limitation, tape cassettes or transcriptions of tape cassettes between Searle and any officers, agents, servants, or employees of Salisbury Police Department.

RESPONSE NO. 34

The defendant objects to Request No. 34 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 35

Any and all documents that refer to, reflect, reveal, or regard the Salisbury Police Department sending officers, agents, servants, or employees to any training or police academy or having any officers, agents, servants, or employees go to any training or police academy.

RESPONSE NO. 35

The defendant objects to Request No. 16 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 36

Any and all documents that refer to, reflect, reveal, or regard the Salisbury Police Department sending females to any training or police academy.

RESPONSE NO. 36

The defendant has undertaken a search of its records and will produce the requested documents. The defendant reserves the right to supplement this response.

REQUEST NO. 37

Any and all documents that refer to, reflect, reveal, or regard the Salisbury Police Department sending males to any training or police academy.

RESPONSE NO. 37

The defendant has undertaken a search of its records and will produce the requested documents. The defendant reserves the right to supplement this response.

REQUEST NO. 38

Any and all documents which refer to, reveal, reflect, or regard dress code policies of the Salisbury Police Department for its, including without limitations, officers, agents, servants, or employees.

RESPONSE NO. 38

A copy of any policy will be produced.

REQUEST NO. 39

Any and all documents which refer to, reveal, reflect, or regard violations of the dress code policies of the Salisbury Police Department by any of its, including without limitation, officers, agents, servants, or employees.

RESPONSE NO. 39

The defendant has undertaken a search of its records and will produce the requested documents. The defendant reserves the right to supplement this response.

REQUEST NO. 40

Any and all documents, which refer to, reveal, reflect, or regard violations of the dress code policies of the Salisbury Police Department by any females.

RESPONSE NO. 40

The defendant has undertaken a search of its records and will produce the requested documents. The defendant reserves the right to supplement this response.

REQUEST NO. 41

Any and all documents, which refer to, reveal, reflect, or regard violations of the dress code policies of the Salisbury Police Department by any males.

RESPONSE NO. 41

The defendant has undertaken a search of its records and will produce the requested documents. The defendant reserves the right to supplement this response.

REQUEST NO. 42

Any and all documents which refer to, reflect, reveal, or regard the identity of all officers, agents, servants, or employees of the Salisbury Police Department assigned to patrol duty from 1999 to the present.

RESPONSE NO. 42

A copy of the Department roster has been produced.

REQUEST NO. 43

Any and all documents which refer to, reflect, reveal, or regard the assignment of females to patrol duty within the Salisbury Police Department at any time from 1999 to the present.

RESPONSE NO. 43

There are no such documents.

REQUEST NO. 44

Any and all documents which refer to, reflect, reveal, or regard the assignment of males to patrol duty within the Salisbury Police Department at any time from 1999 to the present.

RESPONSE NO. 44

A copy of the Department roster will be produced.

REQUEST NO. 45

Any and all documents that refer to, reflect, reveal, or regard the assignment of any officers, agents, servants, or employees of the Salisbury Police Department to overtime at any time from 1999 to the present within the Salisbury Police Department.

RESPONSE NO. 45

The defendant objects to Request No. 45 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 46

Any and all documents that refer to, reflect, reveal, or regard the assignment of any females of the Salisbury Police Department to overtime from 1999 to the present.

RESPONSE NO. 46

The defendant objects to Request No. 46 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 47

Any and all documents that refer to, reflect, reveal, or regard the assignment of any males of the Salisbury Police Department to overtime from 1999 to the present.

RESPONSE NO. 47

The defendant objects to Request No. 46 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 48

Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of dispatchers of Salisbury Police Department from 1999 to the present.

RESPONSE NO. 48

The defendant objects to Request No. 48 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 49

Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of female dispatchers of Salisbury Police Department from 1999 to the present.

RESPONSE NO. 49

The defendant objects to Request No. 49 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 50

Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of male dispatchers of Salisbury Police Department from 1999 to the present.

RESPONSE NO. 50

The defendant objects to Request No. 50 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 51

Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of any temporary and/or part-time dispatchers of Salisbury Police Department from 1999 to the present.

RESPONSE NO. 51

The defendant objects to Request No. 51 on the basis that it is vague, overbroad and is unduly burdensome.

REQUEST NO. 52

Any and all documents which refer to, reflect, reveal, or regard any and all disciplinary actions taken by Salisbury Police Department against Simmons at any time from 1999 to the present.

RESPONSE NO. 52

There are no such documents.

REQUEST NO. 53

Any and all communications, including, without limitation, memos, emails, or letters, between Simmons and Searle.

RESPONSE NO. 53

The defendant will ascertain whether any such documents exist. The defendant reserves the right to supplement this response.

REQUEST NO. 54

Any and all documents that refer to, reflect, reveal, or regard Seale being placed on administrative leave.

RESPONSE NO. 54

All such documents have been produced in response to Request No. 2.

> DEFENDANTS,
>
> TOWN OF SALISBURY and
> LAWRENCE STREETER,
>
> By their attorney,
>
> *[signature]*
>
> David C. Jenkins (BBO# 251000)
> Kopelman and Paige, P.C.
>  Town Counsel
> 31 St. James Avenue
> Boston, MA 02116
> (617) 556-0007

225818/METG/0143

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/20/04
*[signature]*

17