UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

    Plaintiff,

v.

TOWN OF SALISBURY, SALISBURY
POLICE DEPARTMENT, and LAWRENCE
STREETER,

    Defendants.

DEFENDANT LAWRENCE STREETER'S
OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL ANSWERS TO
INTERROGATORIES

## I. Introduction

On September 21, 2004, Defendant Lawrence Streeter (hereinafter, "Defendant") served Plaintiff with his answers to her first set of interrogatories in the above-captioned matter. In responding to those interrogatories, Defendant noted his objection to several of them. On or about October 7, 2004, Plaintiff filed a motion with this Court seeking to compel Defendant to provide answers to the interrogatories he had objected to, i.e. interrogatory numbers 3, 6, 8, 11-13 and 16. On November 11, 2004, the parties conferred for the purpose of attempting to resolve or narrow the disagreements between them. To the extent that the parties were successful in that endeavor, such fact has been noted herein.

Now comes Defendant and hereby opposes Plaintiff's Motion To Compel Answers To Interrogatories for the reasons articulated below.

## II. Argument

A. <u>INTERROGATORY NO. 3</u>

Plaintiff's Interrogatory No. 3 was as follows:

> Please describe any and all communications between you and/or any past or present officers, agents, servants or employees of Defendant Town of Salisbury and any other individual (excluding counsel), including, without limitation, Susan Searle, regarding the allegations of Plaintiff's Complaint and/or the events alleged therein. As to each communication, please state:
>
> (a) the nature of the communication;
> (b) who initiated the communication;
> (c) the date of the communication;
> (d) the parties to the communication;
> (e) the substance of the communication; and
> (f) identify any and all documents concerning the communication.

Exhibit A at 2.

In responding to this interrogatory, Defendant objected "on the basis that it is vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in interrogatory form." See id.

Defendant agrees with Plaintiff that this interrogatory seeks to obtain information regarding communications Defendant had with anyone regarding the events alleged in her complaint. This is precisely the problem. Plaintiff's complaint contains sixty (60) enumerated allegations of fact that span a period of approximately fourteen (14) years. To respond to such a broad and sweeping inquiry in interrogatory form is nearly impossible. For example, identifying all communications Defendant has ever had with anyone regarding his appointment to the position of Chief of Police could take up pages by itself. Complaint at ¶5.

In addition, many of the allegations in the complaint do not describe a particular event or conversation, but instead, speak in general terms about how Defendant allegedly managed the Department. For example, paragraph number twenty-two (22) states in part as follows:

> During the course of Searle's tenure, Chief Streeter made an effort to obtain various benefits for the male officers, such as computer equipment and extra overtime, without making any similar effort on behalf of the female dispatchers.

Complaint at ¶22.

It is unclear in reading Plaintiff's interrogatory with respect to this factual allegation if Defendant is supposed to simply identify communications he had about his alleged efforts to obtain computer equipment and overtime in general, his alleged efforts to do so in favor of male officers over female dispatchers or both. The interrogatory as written is simply so broad and vague that is susceptible to myriad interpretations.

B.     INTERROGATORY NO. 6

Plaintiff's Interrogatory Number 6 was as follows:

> Please list the names, home addresses, and business addresses of any and all persons having knowledge of the subject matter of the Plaintiff's Complaint, including in your answer a summary of the testimony expected as to each witness.

Exhibit A at 3.

In responding to this interrogatory, Defendant provided a list of seven (7) names and reserved his right to supplement his response. See id. at 3-4. The list included Plaintiff's and Defendant's names whose home addresses had already been identified in the Complaint. See Complaint at ¶¶1 and 3. As for the other five (5) individuals, Defendant provided Plaintiff the business address information for them only, as their home

addresses are protected from public disclosure. See St. 2004, c. 149, §8; M.G.L. c. 66, §10(d).  During the parties' conference regarding the instant motion, Plaintiff's counsel stated that he does not need the home addresses for the seven (7) individuals Defendant identified, but was reserving his right to receive such information in the event that additional persons are named at a later date.

As for Plaintiff's request to be provided "a summary of the testimony expected as to each witness," such interrogatory is unanswerable as written.  It assumes that the individuals identified will be called upon to "testify" at some point and asks Defendant to speculate as to what testimony they will give.  It is unclear which party, if any, Plaintiff is presuming would call each listed individual and she has not identified in the interrogatory the topics which she is presuming the individuals will be testifying about.

In addition, the request is overbroad and arguably inquires into attorney work product.  See Eane Corp. v. Town of Auburn, 176 F.R.D. 433 (D.Mass. 1997).  For these reasons and given that Defendant has not yet determined the individuals he intends to call as witnesses in any trial that may take place in this matter, the interrogatory is not proper in its present form.

C.    INTERROGATORY NO. 8

Plaintiff's Interrogatory Number 8 was as follows:

Please set forth any and all of the Town of Salisbury's policies and procedures in effect at any time during January, 1990 through December, 2001 with regard to sexual harassment and/or retaliation in the workplace.

Exhibit A at 4.

In responding to this interrogatory, Defendant stated that a copy of the responsive policy was attached and marked as Exhibit No. 1.  See id. at 5.  The document in question

4

inadvertently was not included with Defendant's response, however. It is Defendant's understanding that such omission was subsequently corrected and that a copy of the responsive document was provided to Plaintiff's attorney. During the parties' conference regarding the instant motion, Plaintiff's counsel he would verify whether or not the document has now been received.

D.   INTERROGATORY NO. 11

Plaintiff's Interrogatory Number 11 was as follows:

Please state the circumstances under which you prepared and/or compiled a notebook and/or binder containing allegations pertaining to Susan Searle, including, without limitation, the date on which you began compiling the information.

Exhibit A at 6.

In responding to this interrogatory, Defendant stated that "[he] prepared the notebook as Chief of Police" and further stated that "[he] d[id] not recall the date when [he] compiled the notebook." Id.

Contrary to Plaintiff's assertion, Defendant did respond to the interrogatory in its entirety as he interpreted it. The notebook was compiled by Defendant as the head of the police department. Those were the circumstances under which he acted as he did. Plaintiff did not ask if Defendant "kept similar notebooks for all employees" or if he "compiled a notebook regarding Susan Searle only," as she suggests in her brief to this Court, and the interrogatory at issue cannot reasonably be read as requesting such information. Defendant's response was a good faith attempt to respond an extremely ambiguous interrogatory. If Plaintiff wished to receive responses to the questions she refers to in her brief, then she could have asked them.

E.     INTERROGATORY NO. 12

Plaintiff's Interrogatory Number 12 was as follows:

As to each incident described in Plaintiff's Complaint, please state:

(a)     whether you recall the incident and/or the general circumstances of the incident alleged, and

(b)     your recollection of the incident alleged.

Exhibit A at 6.

In responding to this interrogatory, Defendant objected on the basis that it is "vague, overbroad, unduly burdensome and requests information over a period of years which cannot be answered in Interrogatory form." Id.

In her brief, Plaintiff adopts by reference the argument she made with respect to Defendant's answer to interrogatory number 6. It is unclear, however, as to how that argument applies to the instant interrogatory, since, by their terms, the two interrogatories seek different sets of information. Plaintiff has not provided any additional argument to clarify her position.

Notwithstanding this, the fact of the matter is that Plaintiff's interrogatory is vague in that it asks Defendant to provide certain information regarding each "incident" described in the Complaint, but fails to define what constitutes an "incident" within the meaning of this interrogatory. In addition, the interrogatory is overbroad and unduly burdensome as it is in essence a deposition masquerading as an interrogatory.

F.     INTERROGATORY NO. 13

Plaintiff's Interrogatory Number 13 was as follows:

Please state whether, during your tenure as Chief of Police in the Town of Salisbury, you ever permitted a female to handle a construction detail. If

6

> so, please identify the female(s) who performed such duty and list the date(s) on which she (they) did so.

Exhibit A at 7.

In responding to this interrogatory, Defendant objected on the basis "that it is vague and argumentative" and further stated, without waiver of this objection, that "the policy of the Town was to allow any qualified employee to work construction details." <u>Id.</u>

To the extent the interrogatory asks Defendant whether he ever "permitted" a female to handle a construction detail, it is argumentative and assumes certain essential facts, to wit, that there were female dispatchers who were qualified to work construction details. Despite this, Defendant nonetheless attempted to answer it in good faith by stating that it was the policy of the Town to allow any qualified employee to work construction details. Such response was not given to evade the question, but instead, was given because the interrogatory as written could not fairly be answered.

G.    <u>INTERROGATORY NO. 16</u>

Plaintiff's Interrogatory Number 16 was as follows:

> To the extent that males employed by the Town of Salisbury Police Department handled any duties not handled by females employed by the Town of Salisbury Police Department, please state why.

Exhibit A at 7.

In responding to this interrogatory, Defendant stated that "[a]ll employees performed those duties required of their positions."

Simply because Defendant did not answer the interrogatory as Plaintiff had hoped or in the format that Plaintiff may have been looking for does not amount to a failure or refusal to answer it. On the contrary, Defendant responded that all employees performed the duties that were required of them. <u>Id.</u> at 7. In other words, to the extent a particular

7

duty was performed by a male dispatcher and not a female dispatcher, such was the case because the duty in question was assigned to the male dispatcher. While Plaintiff may wish to ask additional follow up questions to this response, such desire does not alter the fact that Defendant answered the question that Plaintiff asked.

### III.  Conclusion

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion To Compel Answers To Interrogatories be denied in its entirety.

>                             DEFENDANT,
>
>                             LAWRENCE STREETER,
>                             By his attorney,
>
>
>                                   /s/ David C. Jenkins            ____
>                             David C. Jenkins (BBO# 251000)
>                             Kopelman and Paige, P.C.
>                              Town Counsel
>                             31 St. James Avenue
>                             Boston, MA 02116
Dated: 11/12/04              617) 556-0007

234841/METG/0143