UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

      Plaintiff,

v.

TOWN OF SALISBURY, SALISBURY
POLICE DEPARTMENT, and LAWRENCE
STREETER,

      Defendants.

DEFENDANT TOWN OF SALISBURY'S
OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF
DOCUMENTS

## I.  Introduction

On September 20, 2004, Defendant Town of Salisbury  (hereinafter, "Defendant")

served Plaintiff with its response to her First Request For Production Of Documents in

the above-captioned matter.  In responding to those requests, Defendant noted its

objection to several of them.  On or about October 7, 2004, Plaintiff filed a motion with

this Court seeking to compel Defendant to produce the documents that are responsive to

the requests it had objected to, i.e. request numbers 3, 12, 16, 18, 25-28, 30, 32, 34, 35

and 45-51.

On November 11, 2004, the parties conferred for the purpose of attempting to

resolve or narrow the disagreements between them.  To the extent that the parties were

successful in that endeavor, such fact has been noted herein.

Now comes Defendant and hereby opposes Plaintiff's Motion To Compel

Documents In Response To Plaintiff's First Request For Production Of Documents

Propounded To Defendant Town Of Salisbury for the reasons articulated below.

## II.  Argument

A.    <u>REQUEST NO. 3</u>

Plaintiff's Request Number 3 was as follows:

The complete personnel file(s), including, without limitation, employment records, evaluations, recommendations, commendations, disciplinary proceedings, payroll records, employment contracts, promotions, wage, bonus and salary information of the following:

a.    Susan Searle
b.    Chief Lawrence Streeter
c.    Inspector Richard Simmons (Current Interim Chief of Salisbury Police Department)

Exhibit A at 2.

In responding to this request, Defendant stated that a copy of Plaintiff's personnel file was being produced.  <u>Id.</u>  However, Defendant objected to producing the other personnel files on the basis that they were private, confidential and beyond the scope of allowable discovery.  <u>Id.</u>

To the extent Defendant failed to produce a copy of Plaintiff's personnel file, said failure was inadvertent and has since been corrected.  This was confirmed with Plaintiff's counsel during their conference regarding the instant motion.

As for the remaining personnel files, the Massachusetts Supreme Judicial Court has previously held that information falling within the "personnel and medical files or information" category under M.G.L c. 4, §7, cl. 26(c) is absolutely exempt from public disclosure.  <u>Wakefield Teachers Association</u> v. <u>School Committee of Wakefield</u>, 431 Mass. 792, 799 (2000) <u>citing</u> <u>Globe Newspaper Co.</u> v. <u>Boston Retirement Board</u>, 388 Mass. 427, 434 (1983).  "While the precise contours of the legislative term 'personnel [file] or information' may require case-by-case articulation, it includes, at a minimum,

2

employment applications, employee work evaluations, disciplinary documentation, and

promotion, demotion, or termination information pertaining to a particular employee.  Id.

at 798.

 In her brief in support of her motion, Plaintiff acknowledges that Massachusetts

recognizes a heightened privacy interest in personnel records (see Plaintiff's

Memorandum at 3), but argues that she has a legitimate interest in obtaining the records

that outweighs the individuals' privacy interests, to wit, the records are reasonably

calculated to lead to the discovery of admissible evidence.  However, Plaintiff offers little

in the way of explanation as to why she needs the personnel files to pursue her claims in

this matter.  To begin with, Plaintiff assumes that documents concerning the specific

subject areas she notes in her brief can actually be found in the personnel files.

 Additionally, she has self-servingly asserted, without explaining, that the issues

she identifies in her brief are actually relevant to her claims and within the scope of

discovery.  For example, Plaintiff submits that she is entitled to discover information

regarding any pay increases the current or former chief may have received at or around

the time of the alleged discriminatory acts.  No argument was offered by her to explain

how such information is relevant to her claims in this matter.

 Finally, even if Plaintiff is entitled to discover information on the subjects

identified in her brief, her quest to obtain that information via production of the

individuals' personnel files is overbroad.  While the personnel files may contain some of

the information that she is seeking, they will also contain other personnel and personal

information that she would not be entitled to.  Simply stated, her request for the personnel

files casts too wide a net and would entail an unwarranted invasion of the current and

former chiefs' privacy.

B.      REQUEST NO. 12

Plaintiff's Request Number 12 was as follows:

> Any and all documents, including, without limitation,
> Massachusetts Commission Against Discrimination Complaints, internal
> memoranda and reports, which refer to, relate to, reflect or regard any
> allegations of harassment formally or informally lodged against any (sic)
> the Salisbury Police Department by anyone from 1994 to present.

Exhibit A at 5.

In responding to this request, Defendant objected on the basis that it was vague,

overbroad, unduly burdensome and sought the production of documents beyond the scope

of allowable discovery.  Id.

First, it is unclear what Plaintiff means by "harassment" and that term has not

been defined by her.  Second, the request contains no restrictions as to the nature of the

alleged "harassment" or that it be employment related.  Thus, every document which

refers or relates, for example, to any allegation made by an employee of harassment on

the basis of union activity or by a citizen for any reason whatsoever would fall within the

purview of this request.  Defendant fails to see how such documents are reasonably

calculated to lead to admissible evidence in this matter.  All told, the request is simply too

vague and broad as written.

During the parties' conference regarding the instant motion, Defendant's counsel

inquired as to whether Plaintiff would be willing to narrow the scope of this request to

formal or informal complaints of sexual harassment that the Department has received

from employees other than Plaintiff since 1994.  Plaintiff's counsel responded that

Plaintiff would not be willing to do so.

To the extent that Plaintiff's request seeks documents which record or reflect

formal or informal complaints of sexual harassment that the Department has received

from employees other than Plaintiff since 1994, Defendant's counsel has advised

Plaintiff's counsel that, without waiver of Defendant's objections, no responsive

documents exist and that Defendant will be supplementing its response to Plaintiff's

document request to reflect this.

C.     REQUESTS NOS. 16 AND 18

Plaintiff's Request Numbers 16 and 18 were as follows:

REQUEST NO. 16
        Any and all documents which refer to, relate to, or regard the
assignment, and/or appointment by, of any officers, agents, servants, or
employees of the Salisbury Police Department to any construction detail
and/or traffic details from 1994 to present.

REQUEST NO. 18
        Any and all documents which refer to, relate to, or regard the
assignment, and/or appointment by, of any male of the Salisbury Police
Department to any construction detail and/or traffic details from 1994 to
present.

Exhibit A at 6-7.

In responding to these requests, Defendant objected on the basis that they were vague,

overbroad and unduly burdensome.  Id.

To begin with, Request Number 18 is nothing more than a repeat of Request

Number 16 minus any documents related to female employees.  To the extent the latter is

objectionable, the former would be as well.

First, the requests refer to "employees" of the Department in general, rather than to the class of employees that Plaintiff belonged to, i.e. dispatchers. Information regarding details performed by non-dispatchers is simply outside the scope of discovery.

Additionally, the requests cover a ten (10) year period during which there may have been countless number of details performed. Since Plaintiff does not limit her requests to a particular set of documents, but instead asks for all documents which refer to, relate to or regard the assignment of such details, locating and producing all such documents would be a monumental, if not impossible, task. For example, Plaintiff's requests would include all communications between the Town and any party who has requested detail services from the Town over the past ten (10) years - documents that clearly are beyond the scope of discovery. Employee payroll records, which would include pay stubs, deposit slips and the like, would also come within the vast parameters of these requests. In short, the requests are simply too broad.

During the parties' conference regarding the instant motion, Defendant's counsel stated that, without waiver of Defendant's objections, Defendant would provide Plaintiff with a computer printout of details worked by dispatchers since the year 2000 and that for the years 1998 and 1999, Defendant would make the "detail books" for those years available to Plaintiff. Defendant's counsel further stated that Defendant would supplement its response to Plaintiff's document request to reflect this. Notwithstanding this, Plaintiff's counsel stated that he was not willing to withdraw those portions of Plaintiff's motion which treat with these requests.

D.    REQUEST NO. 25

Plaintiff's Request Number 25 was as follows:

Any and all emails written by, and/or sent by, and/or revealed by
any officers, agents, servants, or employees of the Salisbury Police
Department which refer to, reflects, or regards Susan Searle.

Exhibit A at 9.

In responding to this requests, Defendant objected on the basis that it was vague,

overbroad and unduly burdensome.  Id.

The problem with this request is that it literally includes any email that was ever

generated by a Department employee which contains Plaintiff's name regardless of the

subject matter of the email.  Thus, even if Plaintiff was one of any number of employees

who was listed as a recipient, the email would be responsive to the request  This would

include an email distributing an updated department policy or procedure, announcement

of employee news such as a retirement or the birth of a child or any other general email

unrelated to Plaintiff herself or her claims in this matter.  Once again, the request is

simply overbroad.

E.    REQUEST NO. 26

Plaintiff's Request Number 26 was as follows:

Any and all communications, including without limitation, memos,
emails, or letters, between Chief Streeter and Searle.

Exhibit A at 9.

In responding to this request, Defendant objected on the basis that it was vague,

overbroad and unduly burdensome.  Id.

Similar to Request Number 25, the scope of this request is so broad that it is

essentially impossible to comply with.  Regardless of whether Plaintiff was simply one of

any number of other employees who was listed as a recipient of a given communication

from Defendant Streeter, the document would be responsive to this request.  Thus, any

general policy, procedure, rule or regulation that was ever distributed to employees by

Defendant Streeter during Plaintiff's tenure would be responsive to this request.  These

are only a few of the myriad possibilities that exist.  In short, the request is prohibitively

too broad.

       While Plaintiff's counsel did offer during the parties' conference regarding the

instant motion to narrow the request to a degree, the parties were unable to agree on an

acceptable modification.

F.       REQUEST NOS. 27 AND 28

       Plaintiff's Request Numbers 27 and 28 were as follows:

REQUEST NO. 27
Any and all documents which relate to, refer to, reflect, or regard any and
all reasons why Lawrence Streeter is no longer employed by the Salisbury
Police Department.

REQUEST NO. 28
       Any and all documents which demonstrate any and all financial
terms agreed to by Chief Streeter and the Salisbury Police Department at
or around the time of his departure from the Salisbury Police Department
including, without limitation, any and all severance agreements.

       Exhibit A at 9.

In responding to these requests, Defendant objected on the basis that they were vague,

overbroad, unduly burdensome and sought the production of documents beyond the scope

of allowable discovery.  Id. at 9-10.

       These requests seek production of personnel information which, as noted earlier,

is exempt from public disclosure.  See Wakefield Teachers Association, 431 Mass. at

799.  In addition and as Plaintiff concedes in her brief, Defendant Streeter did not leave

his employment with the Town until long after Plaintiff initially filed her complaint with

the MCAD and her subsequent termination.  The reasons he no longer is employed by the

Town and any documents which spell out any financial terms related to his departure are

beyond the scope of discovery in this matter.

G.    REQUEST NO. 30

Plaintiff's Request Number 30 was as follows:

>    Any and all files maintained by Chief Streeter at any time which
> relate to any officers, agents, servants, or employees of the Salisbury
> Police Department.

Exhibit A at 10.

In responding to this request, Defendant objected on the basis that it was vague,

overbroad and unduly burdensome.  Id.

To say that this request is overbroad and unduly burdensome would be a gross

understatement.  If forced to comply with this request, Defendant would have to produce

any Department file that existed as of the time Defendant Streeter ceased to be chief

which simply makes reference to a Department employee.  This would include

documents that were created long before Defendant Streeter's tenure as chief, but which

he would have been responsible for maintaining.  It also would include any number of

personnel related documents, medical information regarding employees or other

confidential materials exempt from disclosure.  See Wakefield Teachers Association, 431

Mass. at 799.  Moreover, Plaintiff has failed to limit the request to the relevant class of

employees, i.e. dispatchers.  In essence, the request stops just short of asking for all of the

Department's files.

H.      REQUEST NO. 32

Plaintiff's Request Number 32 was as follows:

Any and all documents which list the identities of each and every officer of the Salisbury Police Department disciplined by the Salisbury Police Department from 1994 to present.

Exhibit A at 10.

In responding to this request, Defendant objected on the basis that it was vague, overbroad and unduly burdensome.  Id. at 11.

Once again Plaintiff's request is overly inclusive in that it is not limited to dispatchers.  Additionally, Plaintiff's request requires the production of personnel information which is exempt from public disclosure.  See Wakefield Teachers Association, 431 Mass. at 799.  Also, if the request is read literally, it would require Defendant to produce every document in its possession which contains the name of an officer who has been disciplined since 1994 regardless of whether the document is even related to the officer's discipline.  In short, if the information Plaintiff seeks is simply whether females were disciplined disproportionately as compared to their male counterparts – the reason she advances for this request in her brief – then a more reasonably tailored request could accomplish that objective without unduly burdening Defendant and trampling on the privacy rights of the Department's employees.  As presently written, however, the request is impermissibly broad and burdensome.

I.      REQUEST NO. 34

Plaintiff's Request Number 34 was as follows:

Any and all dispatch communications, including without limitation, tape cassettes or transcriptions of tape cassettes between Searle and any officers, agents, servants, or employees of Salisbury Police Department.

Exhibit A at 11.

In responding to this request, Defendant objected on the basis that it was vague, overbroad and unduly burdensome.  Id.

As a dispatcher, Plaintiff would have had an immeasurable number of dispatch communications during the course of her career.  The request contains no information regarding specific dates in question or even a general time period.  Complying with this request alone would require hundreds if not thousands of hours as Defendant would have to assign someone to listen to ten (10) years of dispatch transmissions and cull there from the transmissions that Plaintiff participated in.  The breadth of this request suggests that it is designed to harass Defendant and is nothing more than a fishing expedition.

During the parties' conference regarding the instant motion, Defendant's counsel advised Plaintiff's counsel that, without waiver of Defendant's objections, no documents exist that are responsive to this request and that Defendant will supplement its response to Plaintiff's document request to reflect this.

J.      REQUEST NO. 35

Plaintiff's Request Number 35 was as follows:

> Any and all documents that refer to, reflect, reveal, or regard the Salisbury Police Department sending officers, agents, servants, or employees to any training or police academy or having any officers, agents, servants, or employees go to any training or police academy.

Exhibit A at 11.

In responding to this request, Defendant objected on the basis that it was vague, overbroad and unduly burdensome.  Id.

As a threshold issue, the request contains no limitation on the time period for which the documents are being requested. Clearly Plaintiff is not entitled to all such documents regardless of when they were generated. Furthermore, the request again is overly inclusive in that it is not limited to dispatchers. As written the request is too broad and unduly burdensome.

During the parties' conference regarding the instant motion, Defendant's counsel inquired as to whether Plaintiff would be willing to limit this request to dispatchers only and for a fixed period of time. Plaintiff's counsel responded that the request could be limited to the period 1998 to the present, but that Plaintiff was not willing to restrict the request to dispatchers at this time.

K.    REQUEST NOS. 45, 46 AND 47

Plaintiff's Request Numbers 45, 46 and 47 were as follows:

REQUEST NO. 45
    Any and all documents that refer to, reflect, reveal, or regard the assignment of any officers, agents, servants, or employees of the Salisbury Police Department to overtime at any time from 1999 to the present within the Salisbury Police Department.

REQUEST NO. 46
    Any and all documents that refer to, reflect, reveal, or regard the assignment of any females of the Salisbury Police Department to overtime from 1999 to the present.

REQUEST NO. 47
    Any and all documents that refer to, reflect, reveal, or regard the assignment of any males of the Salisbury Police Department to overtime from 1999 to the present.

Exhibit A at 14-15.

In responding to these requests, Defendant objected on the basis that they were vague, overbroad and unduly burdensome. Id.

12

First and foremost, Request Numbers 46 and 47 are subsumed within Request Number 45. Thus, to the extent that the latter is objectionable, the former are as well. Secondarily, the request is not limited to the relevant group of employees, i.e. dispatchers. Additionally, the request is so broad that it would require the production of an endless number of documents. For example, any and all payroll documents which record or reflect a payment of overtime to a Department employee would have to be produced. Searching these documents alone would take an immeasurable number of hours. Simply put, the request is overbroad and unduly burdensome.

During the parties' conference regarding the instant motion, Defendant's counsel stated that Defendant would provide Plaintiff with a computer printout of overtime worked by dispatchers from 1999 to the present. Defendant's counsel further stated that Defendant would supplement its response to Plaintiff's document request to reflect this. Notwithstanding this, Plaintiff's counsel stated that he was not willing to withdraw those portions of Plaintiff's motion which treat with these requests.

L.    REQUEST NOS. 48, 49, 50 AND 51

Plaintiff's Request Numbers 48, 49, 50 and 51 were as follows:

REQUEST NO. 48
    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of dispatchers of Salisbury Police Department from 1999 to the present.

REQUEST NO. 49
    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of female dispatchers of Salisbury Police Department from 1999 to the present.

REQUEST NO. 50
    Any and all documents which refer to, reflect, reveal, or regard any and all work schedules of male dispatchers of Salisbury Police Department from 1999 to the present.

13

REQUEST NO. 51
       Any and all documents which refer to, reflect, reveal, or regard any
and all work schedules of any temporary and/or part-time dispatchers of
Salisbury Police Department from 1999 to the present.

Exhibit A at 15-16.

In responding to these requests, Defendant objected on the basis that they were vague,

overbroad and unduly burdensome.  Id.

As was the case with the preceding requests, Request Numbers 49 through 51 are

subsumed within Request Number 48.  Therefore, to the extent that the latter is

objectionable, the former are as well.   In addition, Plaintiff's Complaint contains no

claim that a unlawful disparity existed between the work schedules of male versus female

dispatchers and thus, the requests are not reasonably calculated to lead to admissible

evidence.  Notwithstanding this, even if her Complaint did contain such a claim, the

vague and broad nature of the requests would require the production of documents

covering everything from vacation requests to sick leave usage to personal days taken

and the like.  Such documents clearly are outside the scope of discovery.  Defendant

should not be required to comply with such broad and unduly burdensome requests.

### III.  Conclusion

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion

To Compel Documents In Response To Plaintiff's First Request For Production Of

Documents Propounded To Defendant Town of Salisbury be denied in its entirety.


                                    DEFENDANT,

                                    TOWN OF SALISBURY,
                                    By his attorney,


                                    _____/s/ David C. Jenkins_____
                                    David C. Jenkins (BBO# 251000)
                                    Kopelman and Paige, P.C.
                                     Town Counsel
                                    31 St. James Avenue
                                    Boston, MA 02116
Dated:  11/12/04                    (617) 556-0007



235992/METG/0143