UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SUSAN SEARLE                            )
    Plaintiff                        )
                                        )
v.                                      )
                                        )       Civil Action No. 04-CV-10791-RCL
                                        )
TOWN OF SALISBURY and                   )
LAWRENCE STREETER                       )
    Defendants.                      )
_____)

**PLAINTIFF SUSAN SEARLE'S MOTION *IN LIMINE* TO PERMIT THE
INTRODUCTION OF EVIDENCE (1) THAT MALE SALISBURY POLICE
OFFICERS CALLED FEMALE EMPLOYEES "SLUTS" IN THE WORKPLACE,
(2) THAT FEMALE EMPLOYEES OF THE SALISBURY POLICE
DEPARTMENT RECEIVED UNEQUAL PAY, AND (3) THAT THE SALISBURY
POLICE DEPARTMENT DRESS CODE WAS ENFORCED IN A
<u>DISCRIMINATORY MANNER</u>**

      Plaintiff Susan Searle hereby moves this Honorable Court *in limine* to permit the

introduction of evidence (1) that male Salisbury Police officers, including, without

limitation, Defendant Lawrence Streeter, called female employees "sluts" in the

workplace, (2) that female employees of the Salisbury Police Department received

unequal pay, and (3) that the Salisbury Police Department dress code was enforced in a

discriminatory manner, where such evidence is relevant and probative as to whether

Defendants discriminated against Searle on the basis of her gender.  Searle relies upon

the following reasons:

      1.     Searle proceeds to trial in the within action pursuing Title VII and G.L. c.

151B gender discrimination and retaliation claims.

      2.     Searle intends to introduce evidence at trial (1) that male Salisbury Police

officers, including, without limitation, Defendant Lawrence Streeter, used the derogatory

term "sluts" in the presence of female employees, (2) that female employees of the

Salisbury Police Department received unequal pay for equal work, and (3) that the

Salisbury Police Department dress code was enforced in a manner which discriminated

against women.  Searle does not seek to introduce this evidence in furtherance of sexual

harassment and/or Federal Equal Pay Act claims (Searle acknowledges that such claims

were resolved adversely to her at summary judgment) – rather, Searle seeks to introduce

this evidence as relevant and probative evidence of discrimination.

3.      The within action is a circumstantial discrimination case subject to the

three-stage burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973).  *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53-54 (1st Cir.

2000).

4.      Under *McDonnell Douglas Corp.* analysis, Searle must first present a

prima facie case of discrimination, which raises a rebuttable presumption of

discrimination.  *Santiago-Ramos*, 217 F.3d at 54.  Defendants must then state a

legitimate, non-discriminatory reason for the adverse employment action, here, failing to

permit Searle to work details.  *Id.*  If Defendants meet their burden, Searle must "present

sufficient evidence to show both that the employer's articulated reasons ... is a pretext

and that the true reason [that Defendants prevented Searle from performing paid details]

is discriminatory."  *Id.* quoting *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 56 (1st Cir.

1999).

5.      "One method [for Searle to meet her burden] is to show that

discriminatory comments were made by the key decisionmaker [here, Defendant Streeter]

*or those in a position to influence the decisionmaker*" (emphasis added).  *Santiago-*

*Ramos*, 217 F.3d at 55.  Here, it is clear that Streeter made the key decision to prevent

Searle from performing the paid details she sought.  As such, his derogatory comments

toward women, as well as those of any other officer in a position to influence Streeter,

provide evidence with which Searle may prove both that Defendants' articulated reasons

for not allowing Searle to perform details were pretextual and that Defendants' true

motivation was to discriminate against women.

7.      Moreover, Searle may present evidence of the Salisbury Police

Department's "general atmosphere of discrimination" which "may be considered *along*

*with any other evidence bearing on motive* in deciding whether a Title VII plaintiff has

met her burden of showing that the defendants' reasons are pretexts."  *Santiago-Ramos*,

217 F.3d 55, quoting *Sweeney v. Board of Trustees of Keene State College*, 604 F.2d 106,

113 (1st Cir. 1979) (emphasis in original).

8.      As in *Santiago-Ramos*, at 56, derogatory comments by Salisbury Police

officers referring to women as "sluts," evidence of unequal pay granted to female

Salisbury Police employees, and evidence that Streeter enforced the dress code in a

discriminatory manner, all "add 'color' to the decision-making process ... and to the

reasons given for [refusing to allow Searle to perform paid details]."  *Santiago-Ramos*, at

56, quoting *Sweeney*, 604 F.2d at 113.  This evidence demonstrates the pervasive

discriminatory atmosphere at the police station and tends to show that the the reasons

given for terminating Searle were pretextual.

9.      Where such evidence is relevant and probative as to whether Defendants

discriminated against Searle on the basis of her gender, Plaintiff Susan Searle respectfully

requests that this Court permit the introduction of evidence (1) that male Salisbury Police

officers, including, without limitation, Defendant Lawrence Streeter, called female

employees "sluts" in the workplace, (2) that female employees of the Salisbury Police

Department received unequal pay, and (3) that the Salisbury Police Department dress

code was enforced in a discriminatory manner.

  **WHEREFORE**, Plaintiff Susan Searle hereby requests that this Honorable Court

GRANT the within motion and permit the introduction of evidence (1) that male

Salisbury Police officers, including, without limitation, Defendant Lawrence Streeter,

called female employees "sluts" in the workplace, (2) that female employees of the

Salisbury Police Department received unequal pay, and (3) that the Salisbury Police

Department dress code was enforced in a discriminatory manner.

        Plaintiff
        Susan Searle
        By her Attorneys


        */s/ Paul J. Klehm*
        Paul J. Klehm (BBO #561605)
        pklehm@krasnooklehm.com
        James B. Krasnoo (BBO #279300)
        jkrasnoo@krasnooklehm.com
        Benjamin L. Falkner (BBO #667951)
        bfalkner@krasnooklehm.com
        Krasnoo | Klehm LLP
        23 Main Street
        Andover, MA  01810
        (978) 475-9955

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by the ECF system on April 12, 2007.


        */s/ Paul J. Klehm*
        Paul J. Klehm