UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE<br>    Plaintiff<br><br>v.<br><br>TOWN OF SALISBURY and<br>LAWRENCE STREETER<br>    Defendants. | Civil Action No. 04-CV-10791-RCL |

**PLAINTIFF SUSAN SEARLE'S OBJECTIONS TO
RULE 26(a)(3) PRETRIAL DISCLOSURES OF DEFENDANTS
TOWN OF SALISBURY AND LAWRENCE STREETER**

Plaintiff, Susan Searle, by and through undersigned counsel, hereby objects to the Rule 26(a)(3) Pretrial Disclosures of the Defendants Town of Salisbury and Lawrence Streeter pursuant to Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5.

### I.  Objections to Proposed Witnesses

Searle hereby objects to the testimony at trial of the following witnesses identified in the Rule 26(a)(3) Pretrial Disclosures of the Defendants:

#### A.  Joseph Roache

At this time, Searle objects any testimony by Joseph Roache on the grounds of relevance and lack of personal knowledge.

### II.  Objections to Documents/Tangible Things Proposed As Trial Exhibits

Searle hereby objects to Defendants offering as exhibits at trial the following documents/tangible things identified in the Rule 26(a)(3) Pretrial Disclosures of the Defendants:

**1-5.   Collective Bargaining Agreements (Items 1 through 5)**

Searle objects to the admission of these documents at trial to the extent that they have not been produced through discovery and to the extent that they are irrelevant to the issues raised in the case at bar. See Fed.R.Evid. 401-403.

**9.   Three Ring Binder regarding Susan Searle**

Searle objects to the admission of this document at trial to the extent that it includes information that was not included in the binder at the time that the binder was displayed to Ms. Searle.

**12.   September 15, 2000 Memorandum from Streeter to Searle**

To the extent that this Court does not permit the introduction of the personnel file of Susan Searle and the three ring binder regarding Susan Searle at trial, Searle objects to the admission of this document at trial because the written statements contained therein constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802. Moreover, it is entirely irrelevant to any material fact in dispute in this case and is therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.

**13.   December 22, 2000 Memorandum from Streeter to Searle**

To the extent that this Court does not permit the introduction of the personnel file of Susan Searle and the three ring binder regarding Susan Searle at trial, Searle objects to the admission of this document at trial because the written statements contained therein constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802. Moreover, it is entirely

irrelevant to any material fact in dispute in this case and is therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.

**16.    September 17, 2001 Memorandum from Streeter to McInerney**

To the extent that this Court does not permit the introduction of the personnel file of Susan Searle and the three ring binder regarding Susan Searle at trial, Searle objects to the admission of this document at trial because the written statements contained therein constitute inadmissible hearsay pursuant to Federal Rules of Evidence 801 and 802. Moreover, it is entirely irrelevant to any material fact in dispute in this case and is therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.

**22.    Photographs of Susan Searle**

Searle objects to the admission of any photographs of Susan Searle, including, without limitation, the photographs marked as Exhibit 33 of her deposition, as such photographs are entirely irrelevant to any material fact in dispute in this case and is therefore inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403. Moreover, the photographs, which depict Searle in a police hat, are unduly prejudicial to Searle, and the prejudice outweighs any probative value (and there is no probative value of the photographs).

Searle further objects to the documents and exhibits which Defendants MAY present if the need arises as follows:

**1.    Rebuttal/Impeachment Exhibits**

Searle objects to rebuttal/impeachment exhibits to the extent that such exhibits include documents which are objectionable under the Federal Rules of Evidence. More specifically,

3

Plaintiff objects to the documents and photographs which are listed above. Unless and until Defendants identify the documents, Plaintiff is uncertain of the nature of the objection, as to each document or thing which Defendants seek to introduce.

**2.    Any deposition exhibit**

Searle objects to "any deposition exhibit" to the extent that it includes documents which are objectionable under the Federal Rules of Evidence. More specifically, Plaintiff objects to the documents and photographs which are listed above. Unless and until Defendants identify the documents, Plaintiff is uncertain of the nature of the objection, as to each document or thing which Defendants seek to introduce.

**3.    Documents previously produced by any party**

Searle objects to "documents previously produced by any party prior to the time of this filing" to the extent that it includes documents which are objectionable under the Federal Rules of Evidence. More specifically, Plaintiff objects to the documents and photographs which are listed above. Unless and until Defendants identify the documents, Plaintiff is uncertain of the nature of the objection, as to each document or thing which Defendants seek to introduce.

**4.    Affidavit of Plaintiff and documents referenced therein**

Searle objects to any documents referenced in any affidavit of Plaintiff to the extent that such documents are objectionable under the Federal Rules of Evidence. Plaintiff is uncertain of the nature of the objection, as to each document or thing which Defendants seek to introduce.

Searle reserves her right to object to other exhibits, as of yet undesignated, which Defendants seek to introduce at trial.

The Plaintiff
Susan Searle
By Her Attorneys,

*/s/ Paul J. Klehm*

James B. Krasnoo  BBO#279300
*jkrasnoo@krasnooklehm.com*
Paul J. Klehm  BBO# 561605
*pklehm@krasnooklehm.com*
Krasnoo/Klehm LLP
23 Main Street, Suite One
Andover, MA  01810
(978) 475-9955

Dated: April 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record via first class mail, postage pre-paid, on April 10, 2007.

*/s/ Paul J. Klehm*

Paul J. Klehm