UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

SUSAN SEARLE                                )
     Plaintiff                          )
                         )
v.                                                     )
                         )        Civil Action No. 04-CV-10791-RCL
                         )
TOWN OF SALISBURY, SALISBURY        )
POLICE DEPARTMENT and,                   )
LAWRENCE STREETER                        )
     Defendants.                     )
_____)

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Susan Searle hereby respectfully proposes the attached jury instructions.

**A.**     **General**

No. 1  Preponderance of the Evidence
No. 2  Circumstantial Evidence
No. 3  Credibility of Witnesses
No. 4  Credibility of Witnesses – Discrepancies in Testimony

**B.**     **M.G.L. c. 151B, 42 U.S.C. §1983 and Title VII**

No. 5  Plaintiffs' Burden of Proof
No. 5a Gender Discrimination
No. 6  Motive, Intent or State of Mind
No. 7.  Direct Evidence
No. 8   Circumstantial Evidence
No. 9  Unconscious Bias
No. 10  Proving Discrimination by Circumstantial Evidence
No. 11  Attitudes of Those in Authority
No. 12  Subjective Criteria
No. 13  Employee's Failure to Follow Policy or Guidelines
No. 14  §5.2.4 Mixed Motive
No. 15  §5.3.1  Damages – Generally
No. 16  §5.3.2  Back Pay
No. 17  Mitigation of Damages
No. 18   §5.3.3  Front Pay
No. 19   Reducing Front Pay to Present Value
No. 20   §5.3.4  Emotional Distress
No. 21 §5.3.5   Punitive Damages

No. 22  Title VII – Gender Discrimination
No. 23  Title VII – Retaliation
No. 24   Retaliation – Prima Facie case
No. 25   Retaliation – Prima Facie case
No. 26   Adverse Employment Action
No. 27   Constructive Discharge

The Plaintiff
Susan Searle
By Her Attorneys,

*/s/ Benjamin L. Falkner*
James B. Krasnoo  (BBO#279300)
*jkrasnoo@krasnooklehm.com*
Paul J. Klehm  (BBO#561605)
*pklehm@krasnooklehm.com*
Benjamin L. Falkner  (BBO#667951)
*bfalkner@krasnooklehm.com*
Krasnoo/Klehm LLP
23 Main Street, Suite Six
Andover, MA  01810
(978) 475-9955

Dated:  April 12, 2007

## CERTIFICATE OF SERVICE

I, Benjamin L. Falkner, Esq., hereby certify that I have served a copy of the within document upon all counsel of record not served via ECF and upon all parties not represented by counsel by first class mail, postage pre-paid, on April 12, 2007.

*/s/ Benjamin L. Falkner*
Benjamin L. Falkner

**Plaintiffs' Proposed Jury Instruction No. 1**

<u>PREPONDERANCE OF THE EVIDENCE</u>

A preponderance of the evidence is established if you are persuaded that a fact is more probably accurate and true than not.  In other words, think of an ordinary balanced scale, with a pan on each side.  Onto one side of the scale, place all of the believable evidence and reasonable inferences favorable to Searle.  Onto the other side of the scale, place all of the believable evidence and reasonable inferences favorable to the Defendants.  When one party or the other has the burden of proof on a factual issue, that party has proven a fact only if the scale tips, however slightly, in that party's favor.

---

**Source:** American Bar Association, Model Jury Instructions Employment Litigation 338 (1994).

**Plaintiffs' Proposed Jury Instruction No. 2**

<u>CIRCUMSTANTIAL EVIDENCE</u>

Circumstantial evidence permits you to draw reasonable inferences from facts in evidence.  The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference.  The law does not draw any distinction between the weight to be given to direct or circumstantial evidence; that is up to you, the jury.  In this case, you may examine a party's actions and words, and all of the surrounding circumstances, to help you determine that party's state of mind, or intent in this case.

---

**Source:** Hon. Patrick F. Brady, et al., Massachusetts Superior Court Civil Practice Jury Instructions 5-7 (1998); <u>Conway</u> v. <u>Electro Switch Corp.</u>, 825 F.2d 593, 597 (1st Cir. 1987) ("A claim of discrimination need not be proved solely through direct evidence; circumstantial evidence may support an inference of discrimination.") (citations omitted); <u>Blare</u> v. <u>Husky Injection Molding Sys. Boston, Inc.</u>, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995) ("Because 'smoking gun' evidence is rare . . . the Plaintiff may, and more often than not must, carry his burden of persuasion with circumstantial evidence . . .").

**Plaintiffs' Proposed Jury Instruction No. 3**

<u>CREDIBILITY OF WITNESSES</u>

It is your job to determine which witnesses to believe, and how much weight to give their testimony.  You may believe everything a witness says, or only part of it, or none of it.  In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life.  Often it may not be what a witness says, but how they say it that might give you a clue whether or not to accept his or her version of an event as believable.  You may consider a witness's appearance, demeanor, frankness, or lack thereof, as well as the reasonableness of their testimony.  In addition, you may consider a witness's motive for testifying and whether he or she displays any bias in testifying or has any interest in the outcome of the case.

---

**Source:**  Hon. Patrick F. Brady, et al., *Massachusetts Superior Court Civil Practice Jury Instructions* 1-25 (1998).

**Plaintiffs' Proposed Jury Instruction No. 4**

<u>CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY</u>

Where there are inconsistencies or discrepancies in a witness's testimony, or between the testimony of different witnesses, that may or may not cause you to discredit such testimony.

Innocent mistakes of memory do happen -- people sometimes forget things, or get confused, or remember an event differently.  In weighing such discrepancies, you should consider whether they involve important facts or only minor details, and whether the discrepancies result from innocent lapses of memory or intentional falsehoods.

---

**Sources:** Hon. Patrick F. Brady, et al., Massachusetts Superior Court Civil Practice Jury Instructions 1-30 (1998); Manual of Jury Instructions for the Ninth Circuit, ' 3.08 (1985 ed.); <u>United States</u> v. <u>Jones</u>, 880 F.2d 55, 67 (8th Cir. 1989).

6

## Plaintiffs' Proposed Jury Instruction No. 5

### Plaintiff's Burden of Proof

Ms. Searle was an employee of the Town of Salisbury.  Ms. Searle claims that the Defendants discriminated against her, not for any legitimate business reason, but because of Ms. Searle's gender.[1]

Specifically, Ms. Searle claims (1) that the Defendants did not permit her to perform certain paid traffic/construction detail work because she is a woman and (2) that the Defendants retaliated against Ms. Searle for seeking to perform paid traffic/construction detail work.  In order to prove a claim for discrimination, Ms. Searle must prove to you by a preponderance of the credible evidence that the Defendants intended to discriminate against her and that, but for Ms. Searle's gender, the Defendants would have permitted Ms. Searle to perform paid detail work.[2] The burden of persuasion rests with Ms. Searle at all times.

    *Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] G.L. c. 151B, §§ 4(1), 4(1B), 4(1C) as amended by 1989 Mass. Acts 722, effective April 13, 1990.

[2] *Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761, 775 (2001); *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 504 (2001); *Abramian v. President & Fellows of Harvard Coll.*, 432 Mass. 107, 115–19, 731 N.E.2d 1075, 1083–86 (2000) (clarifying plaintiff's burden of proof in circumstantial evidence case); *Dartt v. Browning-Ferris Indus.*, 427 Mass. 1, 12, 691 N.E.2d 526, 533 (1998); *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 445, 646 N.E.2d 111, 117 (1995) (Ms. Searle bears the burden of persuasion on the ultimate issue of discrimination); *Brunner v. Stone & Webster Eng'g Corp.* 413 Mass. 698, 699, 603 N.E.2d 206, 208 (1992); *Smith Coll. v. MCAD*, 376 Mass. 221, 227, 380 N.E.2d 121, 125 (1978); *Wheelock Coll. v. MCAD*, 371 Mass. 130, 139, 355 N.E.2d 309, 315 (1976); *Sch. Comm. of Boston v. Labor Relations Comm'n*, 40 Mass.App.Ct. 327, 330 n.6, 664 N.E.2d 455, 458 n.6, *further app. rev. denied*, 422 Mass. 1111, 665 N.E.2d 1004 (1996) (applying "but for" test).

**Plaintiff's Proposed Jury Instruction No. 5a**

To establish a case of gender discrimination where an employee claims that the stated reason for an employer's decision is a mere pretext for its real reason, a three step process is usually required. *Wheelock College v. Massachusetts Commn. Against Discrimination,* 371 Mass. 130, 138-139, 355 N.E.2d 309 (1976). ***80   Smith College v. Massachusetts Commn. Against Discrimination,* 376 Mass. 221, 229-230, 380 N.E.2d 121 (1978). *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802-804, 93 S.Ct. 1817, 1824-1825, 36 L.Ed.2d 668 (1973). The plaintiff must prove by a fair preponderance of the evidence a prima facie case of sex discrimination. If she succeeds, then the defendant has the burden of producing evidence that the plaintiff was rejected or someone else selected for a legitimate, nondiscriminatory reason. If the defendant meets its burden of production, then the plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were pretexts for discrimination. *Trustees of Forbes Library v. Labor Relations Commn.,* 384 Mass. 559, 566, 428 N.E.2d 124 (1981). *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252-253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

*Northeast Metropolitan Regional Vocational School District School Committee v. Massachusetts Commission Against Discrimination*, 31 Mass.App.Ct. 84, 79-80, 575 N.E.2d 77 (1991).

**Plaintiffs' Proposed Jury Instruction No. 6**

**Motive, Intent or State of Mind**

**In this case, the critical issue is why the Defendants failed to permit Ms. Searle to perform paid traffic/construction detail work. It is unlawful to discriminate against a person because of her gender. It is not unlawful to refuse to hire a person because she is unqualified to perform a job.  To decide this case, you will have to inquire into and determine the Defendants' motive, intent, or state of mind.**

Adapted from *Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.2 (MCLE., Inc. 1998 & Supp. 2001, 2003)

**Plaintiffs' Proposed Jury Instruction No. 7**

**(a)  Direct Evidence**

**Sometimes motive, intent, or state of mind can be proved directly; for example, by a witness describing what his state of mind was or by a witness testifying to what a defendant said that would be reflective of his state of mind. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Direct evidence can consist of statements of a defendant that suggest a discriminatory attitude toward women.[1]**

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.1(a) (MCLE., Inc. 1998 & Supp. 2001, 2003)

---

[1] *Wynn & Wynn v. MCAD*, 431 Mass. 665, 666–67 n.20, 729 N.E.2d 1068, 1078 n.20 (2000), *Johansen v. NCR Comten, Inc.*, 30 Mass.App.Ct. 294, 300–01, 568 N.E.2d 611, 614–15 (1991); *see also Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD*, 31 Mass.App.Ct. 84, 89–90, 575 N.E.2d 77, 81–82, *cert. denied*, 411 Mass. 1103, 579 N.E.2d 1361 (1991) (statements by two decision makers that "we do not want a woman in that position" and "what we need is a big strong man who can come to the committee and fight" constitute direct evidence of discrimination). *See also Fernandez v. Costa Bros. Masonry*, 199 F.3d 572, 581-83 (1st Cir. 1999) (contains useful discussion of what constitutes direct evidence).

**Plaintiffs' Proposed Jury Instruction No. 8**

**(b) Circumstantial Evidence**

**But, at other times, motive, intent, or state of mind must be proved indirectly or circumstantially. Here, you may examine the Defendants' actions and words, and all of the surrounding circumstances, to help you determine what the Defendants' motive, intent, or state of mind was when the Defendants failed to permit Ms. Searle to perform paid traffic/construction detail work. The law does not draw any distinction between the weight to be given direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference.[1]**

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.1(b) (MCLE., Inc. 1998 & Supp. 2001, 2003)

---

[1] *Brown v. Commonwealth,* 407 Mass. 84, 89, 551 N.E.2d 531, 534 (1990); *Abraham v. City of Woburn*, 383 Mass. 724, 729–30, 421 N.E.2d 1206, 1201–11 (1981).

**Plaintiffs' Proposed Jury Instruction No. 9**

**(c)  Unconscious Bias**

**An employer may not necessarily be aware of his or her bias. Employment decisions that are made because of stereotypical thinking about people because of their gender, race, color, national origin, or age, whether conscious or unconscious, violate the law prohibiting discrimination.[1]**

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.1(c) (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Lipchitz v. Raytheon Co.*, 434 Mass. 493 (2001); *Riffelmacher v. Bd. Of Police Comm'rs of Springfield*, 27 Mass.App.Ct. 159, 163 (1989).

**Plaintiffs' Proposed Jury Instruction No. 10**

**Proving Discrimination by Circumstantial Evidence**

**(a)**     *Pretext*

**Circumstantial evidence of discrimination can include proof that the reason given by the Defendants for not permitting her to perform paid traffic/construction detail work is not true or, if more than one reason was given, that at least one of the reasons given was not true; that is, the reason given was not the real reason for not permitting her to perform construction detail work.**

**If Ms. Searle has persuaded you that at least one of the Defendants' reasons is false, you may, but are not required to, infer that the Defendants are covering up a discriminatory intent, motive, or state of mind.[1]**

**The reason that such an inference is allowable is because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. In a situation where the legitimate reason or reasons advanced by the employer for taking an adverse action are rejected as not being the real or true reasons, one might reasonably conclude that it is more likely than not that the employer, who is generally assumed to act only with *some* reason, based its decision on impermissible consideration.[2]**

**Massachusetts Superior Court Civil Practice Jury Instructions, §5.2.3(a) (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 496 (2001).
[2] *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); *Wheelock College v. MCAD*, 371 Mass. 130, 135 n.5, 355 N.E.2d 309, 313 n.5 (1976); *Harrison v. Boston Fin. Data Servs., Inc.*, 37 Mass.App.Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

**Plaintiffs' Proposed Jury Instruction No. 11**

**(c)  Attitudes of Those in Authority**

**Unlawful bias on the part of a specific decision maker may be inferred from the attitudes of others in authority in the company, such as company officials and senior managers.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions***, **§5.2.3(c) (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD*, 31 Mass.App.Ct. 84, 89, 575 N.E.2d 77, 81–82, *cert. denied*, 411 Mass. 1103, 579 N.E.2d 1361 (1991); *Southern Worcester County Reg'l Vocational Sch. Dist. v. Labor Relations Comm'n*, 386 Mass. 414, 421, 436 N.E.2d 380, 384–85 (1982); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 176, 478 N.E.2d 1292, 1295–96, *cert. denied*, 395 Mass. 1103, 482 N.E.2d 328 (1985).

## Plaintiffs' Proposed Jury Instruction No. 12

### (d) Subjective Criteria

**Unlawful bias may be inferred from evidence that the employer used subjective criteria in making employment decisions.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.3(d) (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 990-91 (1988); *City of Salem v. MCAD*, 44 Mass.App.Ct. 627, 643 (1998) ("uncontrolled subjectivity" in performance standards can be evidence of bias); *Harrison v. Boston Fin. Data Servs., Inc.*, 37 Mass.App.Ct. 133, 138, 638 N.E.2d 41, 44–45 (1994); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 410 (D.Mass. 1990).

**Proposed Plaintiffs' Jury Instruction No. 13**

**(e)  Employers' Failure to Follow Policy or Guidelines**

**Unlawful bias may be inferred from an employer's failure to follow its own policies or guidelines in making the employment decision involved in this case.[1]**

**Massachusetts Superior Court Civil Practice Jury Instructions, §5.2.3(e) (MCLE., Inc.  1998  &  Supp.  2001,  2003).**

---

[1] *Martin v. Envelope Div. of Westvaco Corp.*, 850 F.Supp. 83, 92 (D.Mass. 1994); *see also Goden v. Runyon*, 885 F.Supp. 1104, 1106 (W.D.Tenn 1995).

**Plaintiffs' Proposed Jury Instruction No. 14**

**§5.2.4 Mixed Motive**

**Sometimes employment decisions are a product of a mixture of legitimate (nondiscriminatory) and illegitimate (discriminatory) reasons. Here, Ms. Searle has proved by direct or strong evidence that discriminatory bias was at least one factor motivating the Defendants' refusal to permit Searle to perform paid traffic/construction detail work. Although Ms. Searle generally has the burden of proof, in this instance, the *Defendants* must prove by a preponderance of the evidence that it would have made the same decision regardless of Ms. Searle's gender. If you are not convinced that the Defendants would have taken the same action regardless of Ms. Searle's gender, then you must return a verdict for Ms. Searle.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.4 (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Wynn & Wynn v. MCAD*, 431 Mass. 655, 729 N.E.2d 1068 (2000); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244–47 (1989); *Johansen v. NCR Comten, Inc.*, 30 Mass.App.Ct. 294, 300–02, 568 N.E.2d 611, 614–15 (1991); *see also Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD*, 31 Mass.App.Ct. 84, 89 n.1, 575 N.E.2d 77, 81 n.1, *cert. denied*, 411 Mass. 1103, 579 N.E.2d 1361 (1991). *Cf. Brownlie v. Kanzaki Specialty Papers, Inc.*, 44 Mass.App.Ct. 408, 416-19, 691 N.E.2d 953, 959-62 (1998) (discussing shifting burdens in mixed motive case versus pretext issues).

**Plaintiffs' Proposed Jury Instruction No. 15**

**§ 5.3.1 Damages - Generally**

**If Ms. Searle has proven to you that the Defendants unlawfully discriminated against her, then you must decide the amount of damages, if any, that will fairly compensate Ms. Searle. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that she has suffered because of the Defendants' unlawful discrimination. The plaintiff bears the burden of proof on damages. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the Defendants unlawfully discriminated against the plaintiff, then you may award damages in the following four areas:**

**1.    back pay,**

**2.    front pay,**

**3.    emotional distress, and**

**4.    punitive damages.**

**I will explain each to you.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions*, §5.3.1 (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] G.L. c. 151B, § 9; *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, 523 N.E.2d 255, 256–57 (1988); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1961).

**Plaintiffs' Proposed Jury Instruction No. 16**

**§5.3.2  Back Pay**

**The plaintiff is entitled to back pay, which is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. This includes all lost bonuses, employment benefits, and health insurance benefits that would have accumulated but for the Defendants' discriminatory conduct. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action.[1]**

**Massachusetts Superior Court Civil Practice Jury Instructions, §5.3.2 (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Conway v. Electro Switch Corp.,* 402 Mass. 385, 388–89, 523 N.E.2d 255, 257 (1988); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 661–62, 341 N.E.2d 896, 900 (1976).

**Plaintiffs' Proposed Jury Instruction No. 17**

**(e)  Mitigation of Damages**

The plaintiff also has a duty to limit her damages. It is the Defendants' burden to prove to you that the plaintiff failed in her duty to mitigate damages by seeking other employment. The Defendants meet this burden if they have proved to you that

1.   one or more discoverable opportunities for comparable employment were available in a location as convenient as or more convenient than the place of former employment,

2.   the plaintiff unreasonably made no attempt to apply for any such job, and

3.   it was reasonably likely that the plaintiff would have obtained one of those comparable jobs.

If the Defendants have proven these facts, then you should reduce any back pay award to the plaintiff by the amount that he could have earned in wages and benefits at the comparable job.[1]

***Massachusetts Superior Court Civil Practice Jury Instructions***, §5.3.2(a) (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Conway v. Electro Switch Corp.*, 402 Mass. 385, 389, 523 N.E.2d 255 (1988); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 185, 478 N.E.2d 1292, 1301 (1985); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 662, 341 N.E.2d 896, 901 (1976).

**Plaintiffs' Proposed Jury Instruction No. 18**

**§5.3.3  Front Pay**

The plaintiff is entitled to front pay, which is the amount of damages resulting from the loss of future earnings and benefits that is attributable to the employer's misconduct. You cannot speculate in awarding front pay; rather, the determination of the amount of the award must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and benefits, that the plaintiff would have received but for the Defendants' unlawful discrimination.

In determining front pay you should consider and weigh the following factors:

1. the amount of earnings, including salary and benefits, that the plaintiff probably would have received between now and the plaintiff's projected retirement date;

2. the plaintiff's probable date of retirement;

3. the amount of earnings that the plaintiff probably would have received from another employer until his retirement. This, of course, would reduce any front pay award to the plaintiff. The plaintiff is under a duty to mitigate or lessen his losses by reasonable efforts to secure other employment. It is the Defendants' burden to prove that the plaintiff could reasonably be expected to earn money in the future to offset any losses attributable to the plaintiff;

4. the availability of other employment opportunities; and

5. the possibility of inflation and wage increases in the future.[1]

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.3.3 (MCLE., Inc. 1998 & Supp. 2001, 2003).

---

[1] *Handrahan v. Red Roof Inns, Inc.*, 48 Mass.App.Ct. 901, 902, 716 N.E.2d 1073, 1074, *further app. rev. denied*, 425 Mass. 1107, 684 N.E.2d 1198 (1999); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388–89, 523 N.E.2d 255, 256–57 (1988); *Linn v. Andover Newton Theological Sch., Inc.*, 874 F.2d 1, 8–9 (1st Cir. 1989).

**Plaintiffs' Proposed Jury Instruction No. 19**

**(a) Reducing Front Pay to Present Value**

**If you award damages to the plaintiff for losses she will suffer in the future, keep in mind that a plaintiff cannot be awarded damages that overcompensate the losses that she suffered because of the Defendants' conduct. In order to avoid overpaying the plaintiff, you must consider that the amount of money you give the plaintiff today for future losses can be put in the bank, where it can earn interest. So, in making an award for future damages, you must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide the plaintiff with the amount of money that you calculated he will lose in the future as a result of the Defendants' conduct.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions***, **§5.3.3(a) (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388–89 & n.3, 523 N.E.2d 255, 257 & n.3 (1988); *Trinity Church of Boston v. John Hancock Mut. Life Ins. Co.*, 399 Mass. 43, 52, 502 N.E.2d 532, 537–38 (1987); *McDonald v. Federal Lab., Inc.*, 724 F.2d 243, 247 (1st Cir. 1984); *Worden v. Consol. Rail Corp.*, 689 F.Supp. 35, 39 (D.Mass. 1988).

**Plaintiffs' Proposed Jury Instruction No. 20**

**§5.3.4 Emotional Distress**

**If you find that the plaintiff has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions*, §5.3.4 (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 824, 678 N.E.2d 853, 860–61 (1997), *Bournewood Hosp., Inc. v. MCAD*, 371 Mass. 303, 315–17, 358 N.E.2d 235, 242–43 (1976); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Franklin Publishing Co. v. MCAD*, 25 Mass.App.Ct. 974, 975, 519 N.E.2d 798, 799–800 (1988); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 182, 478 N.E.2d 1292, 1299 (1985).

**Plaintiffs' Proposed Jury Instruction No. 21**

**§5.3.5  Punitive Damages**

**If you find that the Defendants have intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the Defendants for conduct that is outrageous because of the Defendants' evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the Defendants' conduct warrants condemnation and deterrence.**

**In determining the amount of a punitive damage award, if any, you should consider:**

**1.   the character and nature of the Defendants' conduct;**

**2.   the Defendants' wealth, in order to determine what amount of money is needed to punish the Defendants' conduct and to deter any future acts of discrimination;**

**3.   the actual harm suffered by the plaintiff; and**

**4.   the magnitude of any potential harm to other victims if similar future behavior is not deterred.**

**If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.[1]**

***Massachusetts Superior Court Civil Practice Jury Instructions*, §5.3.5 (MCLE., Inc. 1998 & Supp. 2001, 2003).**

---

[1] *Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 16–17, 691 N.E.2d 526, 536–37 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767–68, 678 N.E.2d 155 161–62 (1997); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 826–27, 678 N.E.2d 853, 862–63 (1997); Restatement (Second) of Torts § 908(2) (1979); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459–62 (1993); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15–20 (1991); *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 206–07 (1st Cir. 1987) (intentional discrimination by its very nature is outrageous and entitles a jury to consider the issue of punitive damages); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 412 (D.Mass. 1990).

**Plaintiffs' Proposed Jury Instruction No. 22**

**Title VII – Gender Discrimination**

Title  VII  of the Civil Rights Act of 1964, provides, in relevant part, that:

It shall be an unlawful employment practice for an employer-(1) . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit . . . his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . .  sex . . .

     42 U.S.C. §2000-e-2

**Plaintiffs' Proposed Jury Instruction No. 23**

## **<u>Retaliation</u>**

Title VII of the Civil Rights Act of 1964 provides, in relevant part, that:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigating proceeding, or hearing under this subchapter.

42 U.S.C. §2000e-3(a)

**Plaintiff's Proposed Jury Instruction No. 24**

**Retaliation**

**(a)**      ***Prima Facie Case of Retaliation Where Plaintiff Opposed Employer's Practices***

**Ms. Searle claims that the Defendants retaliated against her because she has opposed a discriminatory practice. In order to recover, the plaintiff must prove to you by a preponderance of the evidence the following elements:**

1.  **the plaintiff reasonably and in good faith believed that the defendants were engaged in wrongful discrimination;**

2.  **the plaintiff acted reasonably in response to that belief in opposing the employer's practice; and**

3.  **the defendants' desire to retaliate was a determinative factor in their decision to affect the plaintiff's terms and conditions of employment.[1]**

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.8 (MCLE., Inc. 1998 &

Supp. 2001, 2003).

---

[1] *Melnychenko v. 84 Lumber Co.*, 424 Mass. 285, 676 N.E.2d 45 (1997); *Tate v. Dep't of Mental Health*, 419 Mass. 356, 364, 645 N.E.2d 1159, 1165 (1995) (plaintiff's charge of discrimination was not filed until after her termination and thus her retaliation claim was based on her internal complaints of failing to be accommodated).

**Plaintiff's Proposed Jury Instruction No. 25**

*(b)     Prima Facie Case of Retaliation Where Plaintiff Filed a Complaint, Testified, or Assisted in an MCAD or Court Proceeding*

**Ms. Searle claims that the Defendants retaliated against her because she filed a complaint in an MCAD proceeding. To recover, the plaintiff must prove to you by a preponderance of the evidence the following elements:**

**1.    the plaintiff engaged in protected activity by filing a complaint, testifying, or assisting in a MCAD or court proceeding;**

**2.    the defendant was aware of these activities;**

**3.    the defendant thereafter took an adverse employment action against the plaintiff; and**

**4.    but for the plaintiff's protected activity, the defendant would not have taken the adverse employment action against the plaintiff.[2]**

*Massachusetts Superior Court Civil Practice Jury Instructions*, §5.2.8 (MCLE., Inc. 1998 &

Supp. 2001, 2003).

---

[2] *Bain v. City of Springfield*, 424 Mass. 758, 764–65, 678 N.E.2d 155, 160 (1997); *MacCormack v. Boston Edison Co.*, 423 Mass. 652, 662–63, 672 N.E.2d 1, 7 (1996); *Wheelock Coll. v. MCAD*, 371 Mass. 130, 138, 355 N.E.2d 309, 314–15 (1976); *Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019, 1044 (D.Mass. 1995).

**Plaintiff's Proposed Jury Instruction No. 26**

*Adverse Employment Action Defined*

**In order for the plaintiff to establish that she suffered an adverse employment action, the plaintiff must prove to you by a fair preponderance of the evidence that she has been materially disadvantaged in respect to salary, grade, or other objective terms and conditions of employment. Subjective feelings of disappointment or disillusionment concerning an employment action do not constitute an adverse employment action.[3]**

Massachusetts Superior Court Civil Practice Jury Instructions, §5.2.8 (MCLE., Inc. 1998 &

Supp. 2001, 2003).

---

[3] *Bain v. City of Springfield*, 424 Mass. 758, 764–65, 678 N.E.2d 155, 160 (1997); *MacCormack v. Boston Edison Co.*, 423 Mass. 652, 662–63, 672 N.E.2d 1, 7 (1996).