UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

       Plaintiff,

v.

TOWN OF SALISBURY and LAWRENCE
STREETER,

       Defendants.

DEFENDANTS' REQUEST FOR
PROPOSED JURY INSTRUCTIONS

Now come the defendants, Town of Salisbury and Lawrence Streeter, and respectfully request that this Honorable Court issue the following jury instructions at the jury trial of the above-captioned case:

**GENERAL INSTRUCTIONS**

1. You cannot be governed by sympathy or prejudice or any motive whatsoever except a fair and impartial consideration of the evidence, and therefore you must not allow any sympathy you may have for any party to influence you in any degree whatever.

**BURDEN OF PROOF**

2. The burden of proof is on the plaintiff, Ms. Searle, in a civil action, such as this one, to prove each and every essential element of her claims by a preponderance of the evidence. If the proof should fail to establish any essential element of any claim by a preponderance of the evidence in the case, you must find for Defendants as to that claim. If the evidence is equally balanced as to any of the essential elements of Ms. Searle's claims, you must find for Defendants. Storlazzi v. Bakey, 894 F. Supp. 494, 500 (D. Mass. 1995); White v. Vathally, 570 F. Supp. 1431, 1433 (D. Mass. 1983).

3.  To establish something by "a preponderance of the evidence" means simply to prove that
    something is more likely to exist than not.  If the evidence is equally balanced as to any
    of the elements of the claims, you must find for Defendants.

**WITNESSES**

4. You, the jurors, are the sole judges of the credibility or believability of the witnesses in this case and the weight their testimony deserves. Your determination may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given or by contrary evidence to the testimony given. You may consider the relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

5.  If you find a witness has testified falsely as to a portion of his or her testimony, you may take this into account in determining the credibility of the remainder of his or her testimony and you may reject all the testimony.

6. The fact that a number of witnesses testify to the same fact does not require that their testimony be believed.

## CLAIMS

### Gender Discrimination

7. Ms. Searle brought a claim of discrimination against the defendants alleging that her gender was a motivating factor in the decision to preclude her from working paid details in violation of M.G.L. Chapter 151B, Section 4(1). General Laws c. 151B, § 4(1), provides that "It shall be an unlawful practice . . . [f]or an employer . . . because of the . . . sex . . . of any individual to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification." G. L. c. 151B, § 4(1).

8.  In order to prove her gender discrimination claim, Ms. Searle must prove:  she was a member of a protected class; she suffered harm; the defendants had discriminatory animus; and that animus caused her harm.  See Lipschitz v. Raytheon Co., 434 Mass. 493, 502 (2001), citing G.L. c. 151B, § 4(1); Dahill v. Police Dep't of Boston, 434 Mass. 233, 243 (2001) (membership in protected class and causation); Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 117 (2000) (animus); and MacCormack v. Boston Edison Co., 423 Mass. 652, 662-663 (1996) (harm).

9. Ms. Searle is required to prove that the Defendants acted with a discriminatory intent, motive or state of mind. Lipschitz v. Raytheon Co., 434 Mass. 493, 504 (2001).

10. To decide whether Ms. Searle has proved her gender discrimination claim, you must analyze the claim in three stages.  Wheelock College v. MCAD, 371 Mass. 130 (1976), *citing* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

11. At the first stage of the sex discrimination claim, you must decide whether Ms. Searle has
    proved, by a preponderance of the evidence, that she:  (1) was a member of the protected
    class; (2) that she was qualified to work paid details; (3) and that she was treated
    differently than male employees.  See Nassab, 25 MDLR at 442 (2003) citing Abramian
    v. President and Fellows of Harvard College, 432 Mass. 104, 116 (2000).

12. If you find that Ms. Searle has failed to prove, by a preponderance of the evidence, that she was qualified to work paid details, then you must stop analyzing this claim and find for the Defendants.  If you find that Ms. Searle has proved, by a preponderance of the evidence, that she was qualified to work paid details, then you must move on to the third element of your analysis, to determine whether Ms. Searle was treated differently than male employees.

13. If you find that Ms. Searle has failed to prove, by a preponderance of the evidence, that she was treated differently than male employees, then you must stop analyzing this claim and find for the Defendants.  If you find that Ms. Searle has proved, by a preponderance of the evidence, that she was treated differently than male employees, then you must move on to the second stage of your analysis.

14. At the second stage, you must decide whether the Defendants have offered a legitimate, nondiscriminatory reason for job actions taken against Ms. Searle.  Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 666 (2000); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997); Labonte, 424 Mass. at 821; Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441-442, (1995), *quoting* Wheelock College, 371 Mass at 138.

15. At this stage, the Defendants have the burden of presenting lawful reasons for not permitting Ms. Searle to work details, and they must have produced credible evidence that these were the real reasons. Blare, 419 Mass. at 442. The Defendants' burden of proof at this stage is lower than Ms. Searle's burden was at the first stage. You may think that the Defendants' reasons for not permitting Ms. Searle to work details were wrong, unwise, or even absurd, but as long as they were legal reasons, then the Defendants will have met their burden, and you must move onto the third and final stage of your analysis. Matthews, 426 Mass. at 128; Blare, 419 Mass. at 442.

16. At the third stage you must decide whether Ms. Searle has proved, again by a preponderance of the evidence, two more things: first, that the reasons the Defendants gave for not permitting her to work details were not the real reasons, and second, that discrimination was actually the "determinative cause" of her not being permitted to work them. Lipchitz, 434 Mass. at 495; Blare, 419 Mass. at 444-445.

17. If you find that all of the reasons the Defendants gave for not permitting Ms. Searle to work details were the real reasons, you must stop your analysis and find for the Defendants. But if you find that any of the reasons the Defendants gave for not permitting Ms. Searle to work details were false, then you must continue your analysis. Ms. Searle does not have to prove that every reason the Defendants gave were false; so long as she proves that at least one reason was false. Lipchitz at 506-507; Browning-Ferris at 9.

18. It is not enough for Ms. Searle to prove that the Defendants lied about their reasons for not permitting her to work details. Lipchitz, 434 Mass. at 507; Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 117-118 (2000) (overruling "pretext only" rule established in Blare, which entitled a plaintiff to judgment upon a showing that the employer's articulated reason is pretext). For Ms. Searle to prevail on this claim, you must decide that the Defendants lied because their real reason for not permitting her was her gender. Lipchitz, 434 Mass. at 504; Whalen v. Nynex Information Resources Co., 419 Mass. 795 (1995), citing Cox., 414 Mass. at 384-385. In other words, for Ms. Searle to prevail, you must decide that she would have been permitted to work details if she was not female. Lipchitz at 504-506.

19. When you are deciding whether this is true, you do not have to find that Ms. Searle presented evidence of *actual* discrimination. You may infer that if the Defendants lied about the reason for not allowing her to work details, they lied because they did not allow Ms. Searle to work details because of her sex. But, you do not *have to* infer that. You may find that the Defendants lied about the reason for not allowing her to work details, but that they lied for some other reason than to cover up discrimination. Lipchitz at 503, n.15; Abramian, 432 Mass. at 118. In other words, you can find that the Defendants discriminated against Ms. Searle, based on circumstantial evidence; you do not, however, *have* to find that that is the case. Lipchitz at 504.

20. The Defendants are entitled to use subjective criteria in evaluating job candidates and need not show by "objective evidence" that they hired the most qualified candidate. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 258-259 (1981); Moynihan v. Mass. Mut. Life. Ins. Co., Inc., 773 F.Supp. 502, 514 (D.Mass. 1991), *citing* Loeb v. Textron, Inc., 600 F.2d 1003, 1012, 1019 n. 6 (1st Cir. 1979).

21. "A sincere belief that a person is not qualified for a job is an adequate justification for an employment decision and rebuts a complainant's prima facie case." Smith College v. MCAD, 376 Mass. 221, 232 (1978).

**RETALIATION CLAIMS**

22. To establish a prima facie case of retaliation, Searle must demonstrate that 1) she complained to her employer about conduct that she reasonably believed constituted gender discrimination; 2) that following her complaint she was subsequently subjected to an adverse employment action; and 3) that a causal connection existed between Searle's complaint and the adverse employment action, that is, a retaliatory motive played a substantial part in the adverse action. Noviello v. City of Boston, 398 F.3d 76, 88-89 (1st Cir. 2005); Dressler v. Daniel, 315 F. 3d 75, 78 (1st Cir. 2003); see Ritchie v. Department Of State Police, 60 Mass.App.Ct. 655, 664-65 (2004).

23. In order for an action to be considered adverse employment action it must have resulted in a material disadvantage to Plaintiff's salary, grade or other objective terms and conditions of employment. See Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996); MacCormack v. Boston Edison Company, 423 Mass. 652, 663 (1996).

24. If Plaintiff establishes a prima facie case, the burden shifts to the Town to articulate and produce credible evidence to support a legitimate non-retaliatory reason for its action. Nassab, 22 MDLR at 445 citing Weber v. Community Teamwork, Inc., 434 Mass. 761, 768-69 (2001); Abramian, 432 Mass. at 116; Wynn &Wynn v. MCAD, 431 Mass. 655, 665 (2000).

25. If the Town in turn meets this burden, Plaintiff must then show by a preponderance of the evidence that the proffered reason is not the real reason for the action taken and that said conduct was motivated by a retaliatory animus.  See Lipchitz v. Raytheon Company, 434 Mass. 493, 504 (2001).

**ADDITIONAL ELEMENTS OF PROOF REQUIRED FOR TITLE VII CLAIMS**

26. When a supervisor discriminates or retaliates against an employee, the employer is vicariously liable for the supervisor's actions, subject to an affirmative defense. Noviello v. City of Boston, 398 F.3d 76, 94 (1st Cir. 2005); Burlington Iindustries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998); Farragher v. City of Boca Raton, 524 U.S. 775, 807-808 (1998).

27. To qualify as a supervisor for purposes of imputing liability to the employer, the "supervisor" must possess the authority to affect terms and conditions of employment, primarily consisting of the power to hire, fire, demote, promote transfer, or discipline employee. Noviello, 398 F.3d at 95; College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass.156 (1987).

28. Your verdict on Searle's claim of gender discrimination or retaliation must be for the Town if it has been proved by a preponderance of the evidence that:

    1.    The Town exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior; and

    2.    that Searle unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Town or to avoid harm otherwise, such as Searle's failure to report her claims to the Town.

This defense is not available when the supervisor's discriminatory action culminates in a tangible employment action. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761-762 (1998); Farragher v. City of Boca Raton, 524 U.S. 775, 778, 808 (1998).

**CLAIMS AGAINST DEFENDANT STREETER INDIVIDUALLY**

29. In order to recover on her claims against Defendant Streeter in his individual capacity, Plaintiff must demonstrate that he aided and abetted the Town in the unlawful discrimination or retaliation. See Orell v. UMass Memorial Medical Center, Inc., 203 F.Supp.2d 52, 65 (D.Mass. 2002) citing Beaupre v. Cliff Smith & Associates, 50 Mass.App.Ct. 480, 491 (2000).

30. To do so with respect to her discrimination claim, Searle must prove by a preponderance of the evidence that Streeter possessed an intent to discriminate, through an action or inaction, in deliberate disregard of the Searle's rights.  See Leveille v. Cherry Hill Estates Condominium Trust, et al., 25 M.D.L.R. 191, 193 (June 6, 2003) citing Woodason v. Town of Norton School Committee et al., 24 M.D.L.R. 21, 26 (2002).

31. To do so with respect to her retaliation claim, Searle must prove by a preponderance of the evidence that Streeter possessed an intent to unlawfully retaliate, through an action or inaction, in deliberate disregard of the Searle's rights. See Leveille v. Cherry Hill Estates Condominium Trust, et al., 25 M.D.L.R. 191, 193 (June 6, 2003) citing Woodason v. Town of Norton School Committee et al., 24 M.D.L.R. 21, 26 (2002).

**DAMAGES**

32. I will now instruct you on the subject of damages. The fact that you are instructed on damages is not to be considered by you to suggest that you must consider damages. You are to consider damages if and only if you find that Ms. Searle proved any of her claims by a preponderance of the evidence.

33. Ms. Searle also bears the burden of proving the amount of her damages, if any, by a preponderance of the evidence.  In deciding the amount of damages, you must bear in mind that damages cannot be recovered when they are remote, speculative hypothetical and not within the realm of reasonable certainty.  Connolly v. Suffolk County Sheriff's Department, 62 Mass.App.Ct. 187, 198 (2004) (citations omitted).

34. Furthermore, Ms. Searle must have used all reasonable efforts to minimize and lessen her damages. She must have used the care that a person of ordinary prudence would use in seeing that the amount of damages is minimized. Ouillette v. Sheerin, 297 Mass. 536, 542-43 (1937). This means that if you find that Ms. Searle suffered some amount of damages that she could have avoided, you are not to include that amount in your calculation of damages. Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982).

**EMOTIONAL DISTRESS DAMAGES**

35. Ms. Searle also claims that the Town's actions caused her emotional distress. In order to recover damages for emotional distress, you may not presume that Ms. Searle was so injured: the plaintiff always bears the burden of proving to you, by a preponderance of the evidence, that the mental distress she claims is real, and that it was caused by the actions of Defendants. Ms. Searle is not entitled to a windfall. Carey v. Piphus, 435 U.S. 247, 262 (1977).

36.   Ms. Searle must provide an "objective corroboration of the emotional distress alleged."

Further Ms. Searle must do more than allege mere upset, dismay, humiliation, grief and

anger" in order to sustain this burden.  Sullivan v. Boston Gas. Co., 414 Mass. 129

(1993).

37. Ms. Searle must demonstrate that she has suffered physical harm as a direct result of the emotional distress allegedly sustained. The physical injuries caused by the emotional distress must be demonstrated by evidence of harm which is proven by objective determination. Payton v. Abbott Labs, 386 Mass. 540 (1992).

**PUNITIVE DAMAGES**

38. Ms. Searle also seeks punitive damages from the Town. Punitive damages may be awarded only if you find first that Ms. Searle is entitled to actual or compensatory damages, and second, if you find that the Town's conduct was motivated by evil or malice, or involved reckless or callous indifference to Ms. Searle's civil rights. Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).

39.  If you find that the defendants have intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted.  Punitive damages are different from compensatory damages.  Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the defendants for conduct that is outrageous because of the defendants' evil motive or reckless indifference to the rights of others.  Punitive damages are appropriate where the defendants' conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider:

1.      the character and nature of the defendants' conduct;

2.      the defendants' wealth, in order to determine what amount of money is needed to punish the defendants' conduct and to deter any future acts of discrimination;

3.      the actual harm suffered by the plaintiff; and

4.      the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason.

40.  Defendants acted with malice or indifference if:  it has been proved by a preponderance of the evidence that the Town of Salisbury, knew that the harassment was in violation of law prohibiting sex discrimination, or acted with reckless disregard of that law. However, you may not award punitive damages if it has been proved by a preponderance of the evidence that the defendant made a good-faith effort to comply with the law prohibiting sex discrimination.  If you find that the defendant acted with malice or reckless disregard and did not make a good-faith effort to comply with the law, then in addition to any actual or nominal damages to which you find the plaintiff is entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or to deter the defendant and others from like conduct in the future.  Whether to award the plaintiff punitive damages, and the amount of those damages, are within your discretion.

DEFENDANTS
TOWN OF SALISBURY and LAWRENCE STREETER,

By their attorneys,

/s/ Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO#637818)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007

Dated:  April 12, 2007
312234/60700/0143