UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE )<br>　　Plaintiff )<br>　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>TOWN OF SALISBURY, SALISBURY )<br>POLICE DEPARTMENT and, )<br>LAWRENCE STREETER )<br>　　Defendants. )<br>　　　　　　　　　　　　　　　　　　　　) | Civil Action No. 04-CV-10791-RCL |

**PLAINTIFF'S REQUEST FOR VOIR DIRE OF PROSPECTIVE JURORS**

　　　　Now comes the plaintiff in the above-entitled action and move this Honorable Court to permit counsel for the plaintiff directly to examine or that the Court itself examine prospective jurors for the purpose of determining the person's indifference as to other matters peculiarly and specially related to the trial of this case.

　　　　1.　　Have you or any members of your immediate family or close friends ever been discriminated against on the basis of your gender?

　　　　2.　　Have you or any members of your immediate family or close friends ever been a party to a case involving allegations of employment discrimination?

　　　　3.　　Would you tend to believe the testimony of a person in a police uniform over the testimony of others?

　　　　4.　　Would you tend to believe the testimony of a person who is currently in police service, or who was formerly in police service, over the testimony of others?

　　　　5.　　Do you have any personal biases against women?

6. Do you believe that people who are not hired for a job because of their gender are entitled to damages?

7. Have you been encouraged to not sit on a jury by any person either at work or at home?

8. Have you, or any members of your family, ever performed any paid construction or police details?

9. Do you think that police officers should be only males?

10. Do you think dispatchers should be only females?

11. If the Court were to order stricken some testimony which somehow came before you, could you impartially discard that information from your deliberations?

12. During deliberations, if you formed an opinion, would you keep an open mind and listen to the opinion of others?

13. If other jurors were of a different opinion than you, would you be willing to change your opinion to conform to theirs?

14. If you had come to the conclusion that the plaintiff has proven any or all of her claims by a preponderance of the evidence, and you found that a majority of the jurors believed otherwise, would you change your verdict only because you were in the minority?

15. Is there anything about the nature of the plaintiff's allegations against the defendants which would make it difficult for you to render a fair and impartial verdict?

16. Would you prefer, for any reason, not to sit on this jury?

17. Are you a sole proprietor or owner of a business which would be financially hurt by your sitting on this jury?

18. Do you have small children for whom your being away while on this jury would result in a hardship to you or your family?

19. Do you have any personal difficulties which you feel may affect your ability to concentrate upon the case before you?

20. Is there anything in any of the questions that I have asked you which causes doubt in your mind as to your ability to reach a verdict based upon the evidence offered in this Courtroom alone?

21. Do you have any personal difficulties which you feel may affect your ability to concentrate upon the case before you?

22. Please describe your hobbies and tell us the magazines, periodicals and newspapers to which you subscribe or which you read.

23. Please tell us the television and/or radio stations you watch and the T.V. broadcasters to whom you listen and from whom you receive your news broadcasts.

24. In what recreational activities do you engage?

Plaintiffs further move that such questions as noted herein or otherwise posed to the jury be done in a series of at least three (3) questions before the jurors are asked for a positive response. Counsel states that jurors may be reluctant to notify the court of their answers to questions relating to interest and bias when a single question is asked and a response required. The method proposed by counsel obviates any requirement of the venire person to answer specific questions and declare himself or herself as to any

particular inquiry.  Counsel notes that some of the posed questions, because of plaintiffs' need to obtain a fair and impartial jury, intrude upon potential jurors' private beliefs and personal experiences, the disclosure of which could expose the jurors to personal embarrassment.

                Plaintiff
                Susan Searle
                By her Attorney,

                */s/ Paul J. Klehm*
                Paul J. Klehm BBO#561605
                pklehm@krasnooklehm.com
                James B. Krasnoo BBO#279300
                jkrasnoo@krasnooklehm.com
                Benjamin L. Falkner BBO#667951
                bfalkner@krasnooklehm.com
                Krasnoo/Klehm LLP
                23 Main Street, Suite One
                Andover, MA  01810
                (978) 475-9955

Dated:  April 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by the ECF system on April 12, 2007.

                */s/ Paul J. Klehm*
                Paul J. Klehm