UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE )<br>    Plaintiff )<br> )<br>v. )<br> )<br> )<br>TOWN OF SALISBURY, SALISBURY )<br>POLICE DEPARTMENT and, )<br>LAWRENCE STREETER )<br>    Defendants. )<br> ) | Civil Action No. 04-CV-10791-RCL |

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

**A.**  **Gender Discrimination Claims**

1. Has plaintiff Susan Searle proved that her sex (gender) was, more likely than not, a motivating factor in the Town of Salisbury's refusal to permit Susan Searle to perform paid traffic/construction police detail work during the time that she worked at the Town of Salisbury Police Department?

YES ____                                                            NO _____

If your answer to question number 1 is "YES," please answer question number 2.

If your answer to question number 1 is "NO," do not answer question number 2 and proceed to answer the questions under the heading "Retaliation Claims."

2. Have the Defendants proved, more likely than not, that they would have made the same employment decision(s) concerning Searle even if she were a male?

YES ____                                                            NO _____

**B. Retaliation Claims**

    3.    Has Plaintiff Susan Searle proved that her efforts, on her own behalf and/or on behalf of other women in the Town of Salisbury Police Department, to perform paid traffic/construction police details for the Town of Salisbury Police Department and/or her reporting the claim to her employer and/or her filing of a discrimination charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission was, more likely than not, a motivating factor in defendants' employment decisions to place Searle on administrative leave on or about August 1, 2001 and/or to demand on or about August 1, 2001, that Searle visit a psychiatrist before returning to work and/or to terminate Searle on or about January 31, 2002?

    4.    Have the Defendants proved, more likely than not, that they would have made the same employment decision concerning Searle even if the unlawful motive, namely, Searle's efforts, on her own behalf and/or on behalf of other women in the Town of Salisbury Police Department, to perform paid traffic/construction police details for the Town of Salisbury Police Department and/or her reporting the claim to her employer and/or her filing of a discrimination charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission was not present?

**C. Damages**

    If your answer to any of the questions numbered 1 or 3 is "YES," then proceed to answer questions numbered 9 and 10.

9.  Under the law given to you in the judge's instructions, state the amount of compensatory damages plaintiff should be awarded.

_____

10. Under the law as given to you in the instructions, state the amount, if any, of punitive damages that the plaintiff should be awarded. State such award in the space numbered 10B. If you decide not to grant punitive damages, say so by placing an "X" in the space numbered 10A.

10A. _____ Punitive damages should not be awarded.

10B. _____ in punitive damages should be awarded.


/s/ _____

Foreperson