UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

    Plaintiff,

v.

TOWN OF SALISBURY and LAWRENCE STREETER,

    Defendants.

DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE AND TESTIMONY CONCERNING PLAINTIFF'S PREVIOUSLY DISMISSED CLAIMS REGARDING UNEQUAL PAY AND UNIFORMS

Now come the Defendants Town of Salisbury (hereinafter, "Town") and Lawrence Streeter (hereinafter, "Chief Streeter") and respectfully move, in limine, to prohibit the Plaintiff, Susan Searle, (hereinafter, "Plaintiff") from introducing testimony or other evidence at trial regarding alleged discriminatory treatment of females with respect to wages and uniforms, as Defendants believes Plaintiff will attempt to do. As grounds for the instant motion, Defendants rely on the within Statement of Reasons and Argument.

STATEMENT OF REASONS

1. In her Complaint in this matter, Plaintiff alleged in part in Count I (G.L. c. 151B), Count II (Title VII) and Count V (42 USC §1983) that Defendants discriminated against her by refusing to allow her to work paid details, by imposing a dress code on her that was different from that applicable to male employees and by compensating her less than males for equal work.

2. In Count III (Federal Equal Pay Act) and Count IV (Massachusetts Equal Rights Act) Plaintiff had alleged that the Town had violated those respective statutes by compensating her less than males for equal work.

3. In their motion for summary judgment, Defendants argued, among other things, that Plaintiff had failed to establish a prima facie case of gender discrimination with respect to each of the above-referenced counts.

4. In its ruling on Defendants' motion for summary judgment, the Court granted in part and denied in part Defendants' motion for summary judgment with respect to Counts I, II and V. Specifically, the Court ruled in relevant part as follows:

> The Motion is DENIED as to so much of Count I and Count V as alleges gender discrimination in connection with paid details and retaliation against the defendant Streeter and the defendant Town of Salisbury, and so much of Count II as alleges gender discrimination in connection with paid details and retaliation against the defendant Town....For reasons stated in the record, the Motion is GRANTED as to…Count III; Count IV.

(citations omitted and emphasis added).

5. Notwithstanding the Court's ruling, Plaintiff's counsel has indicated that he intends to seek to introduce evidence and testimony at trial concerning Plaintiff's claims that Defendants discriminated against her in connection with her compensation and the dress code to support her claim that Defendants' discriminated against her on the basis of her gender by not allowing her to work paid details. Plaintiff's counsel asserted that it goes to the "res gestae" of the paid detail claim.

ARGUMENT

As Defendants read the Court's order, judgment was entered in Defendants' favor concerning her claims that she was discriminated against and treated unequally with respect to her compensation and concerning the Department dress code. By so ruling, the Court held that

the evidence offered by Plaintiff in support of those claims did not demonstrate that she was discriminated against or treated unlawfully with respect to her compensation or the dress code issue.

If the evidence was deemed by the Court to be insufficient as a matter of law to establish claims of unlawful treatment with regard to the compensation and dress code issues, then Defendants fail to see how that same evidence can be offered by Plaintiff in support of her gender discrimination claim with respect to paid details. It appears that Plaintiff intends to offer such evidence in an effort to show that the Salisbury Police Department maintained an atmosphere that was discriminatory toward women which would in turn allow the jury to draw an inference that Defendants' refusal to allow her to work details was discriminatorily motivated. However, the Court has already ruled that the evidence in question is insufficient to demonstrate that Defendants did in fact treat her unequally with respect to compensation or the dress code. As such, permitting Plaintiff to offer evidence at trial on the supposedly unequal pay and dress code issues will only serve to confuse and mislead the jury as to the remaining issues in the case.

In short, Defendants submit that, in light of the Court's ruling on summary judgment, the Plaintiff is judicially estopped from offering evidence or testimony relative to any allegations that Defendants discriminated against her in connection with her compensation as a dispatcher or the with respect to the Department dress code. Moreover, the probative value of the alleged unequal pay and dress code treatment is substantially outweighed by the danger of unfair prejudice, confusion of the issues and would only serve to mislead the jury. Fed.R.Evid. 403. The Court has already granted Defendants' motion for summary judgment on those claims and Plaintiff should not be permitted to resuscitate and relitigate them under the guise that they are somehow probative of her remaining claims.

WHEREFORE, the Town respectfully requests that this Court grant Defendants' Motion In Limine To Preclude Claims For Which No Administrative Charge Was Filed.

DEFENDANTS,

TOWN OF SALISBURY AND LAWRENCE STREETER,

By their attorneys,

/s/ Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO#637818)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007

Dated: April 12, 2007

312319/60700/0143

Certificate of Service

This is to certify that on the date subscribed below I caused a copy of Defendants' Motion In Limine To Preclude The Introduction Of Evidence And Testimony Concerning Plaintiff's Previously Dismissed Claims Regarding Unequal Pay And Uniforms to be served through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and that non-registered participants, if any, were served with paper copies of said document.

Dated: April 12, 2007          /s/ Joseph S. Fair