UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE )<br>　　Plaintiff )<br>　　　　　　　　　　　　　　　　　　 )<br>v. 　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )　Civil Action No. 04-CV-10791-RCL<br>　　　　　　　　　　　　　　　　　　 )<br>TOWN OF SALISBURY and 　　　　 )<br>LAWRENCE STREETER 　　　　　　 )<br>　　Defendants. 　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 ) | |

**PLAINTIFF SUSAN SEARLE'S OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN CLAIMS**

Plaintiff Susan Searle ("Searle") hereby opposes Defendants' Motion *In Limine* To Preclude Claims for Which No Administrative Charge Was Filed, where Searle placed Defendants on notice (a), as to the discrimination claims against Defendant (former Police Chief) Lawrence Streeter, by identifying him as a wrongdoer in the initial complaint filed with the Massachusetts Commission Against Discrimination on or about August 29, 2001 and by moving to amend the claim at MCAD to name Streeter expressly as a Respondent on or about December 21, 2001 (hereinafter, the "Motion to Amend"), and (b), as to the retaliation claims against both Defendant Streeter and the Town of Salisbury, by seeking, through the Motion to Amend, to add retaliation claims against Defendants Streeter and the Town of Salisbury within 180(300) days of the retaliatory acts. Searle relies upon the reasons set forth below:

　　　1.　　In the within action, a jury shall determine (1) whether the Town of Salisbury and its former chief Lawrence Streeter discriminated against Susan Searle, a former dispatcher, on the basis of her gender by failing to permit her to handle paid traffic/construction details and (2) whether the Defendants retaliated against Searle for engaging in activity protected by M.G.L. c. 151B and Title VII.

2. Plaintiff expects to show that the retaliation against Searle for seeking equality for women in the workplace (including, without limitation, to be able to perform paid police detail work) began on or about July 24, 2001, when Ms. Searle learned that two officers had made false allegations against her.

3. On or about August 1, 2001, Searle was placed on administrative leave by Salisbury and Streeter.

4. On or about August 29, 2001, Searle, without counsel, filed a charge with the MCAD alleging that the Salisbury Police Department discriminated against her on the basis of her gender. In the administrative charge, Searle expressly identified Defendant Streeter as the individual responsible for discriminating against her on the basis of her gender by preventing her from working paid details. *See* Defendants' Motion, **Exhibit 1**:

> Often I have asked Chief Lawerence [*sic*] Streeter if I could work a detail assignment. I am just as qualified as the male officers who do details. Every time he responds by telling me that my place is in dispatch and that no woman will ever work a detail in his department.

5. On or about December 21, 2001, with the benefit of counsel, Searle filed the Motion to Amend. *See* Defendants' Motion, **Exhibit 2**. In the Motion to Amend, she sought to to add Streeter as a party to the MCAD action and to add claims for retaliation against Defendants Streeter and Salisbury.

6. In the Motion to Amend, Searle alleged, among other things:

> On August 8, 2001, Chief Streeter, without any basis or reason therefor, placed Ms. Searle on administrative leave arising from an alleged 209A incident. Upon information and belief, the 209A incident is simply a pretext for Chief Streeter to attempt to dismiss or otherwise discipline Ms. Searle. Such an action is also retaliatory.

Defendants' **Exhibit 2**, at 6.

7. Searle additionally alleged further retaliatory acts that took place **after** she filed her original MCAD charge:

> On or about November 27, 2001, in an act of retaliation, the Town served a letter upon Ms. Searle giving her notice of a Pre-Disciplinary Hearing regarding certain incidents. That hearing has yet to be held.

Defendants' **Exhibit 2**, at 6. In or around January, 2002, the Town of Salisbury fired Searle.

8.  On or about March 31, 2004, more than two years after filing the Motion to Amend, Searle withdrew her MCAD charge for the purpose of filing the within civil action.

## ARGUMENT

### I. Searle's Discrimination Claim Against Streeter Should Not Be Dismissed Because Streeter Was Expressly Identified In the Initial MCAD Charge

Searle's gender discrimination claims against Defendant Streeter should not be dismissed because Searle expressly identified Streeter, and his discriminatory conduct, in her initial MCAD charge. "[F]ailure to name a party as a respondent in a charge filed with the MCAD does not preclude a later civil action against that party if the conduct of the party was put at issue by the charge and the party had notice of and an opportunity to conciliate the charge." *Chapin v. University of Massachusetts at Lowell*, 977 F. Supp. 72, 76 (D. Mass. 1997) (Lindsay, J.) quoting *Chatman v. Gentle Dental Center of Waltham*, 973 F. Supp. 228, 235 (D. Mass. 1997).

In *Chapin*, the Court allowed a civil action to proceed against the chief of police, where Chapin's charge stated that "[m]anagement or other official overseeing the Police Department observed or were otherwise aware of [the sexual harassment] and did nothing to stop [the harassment]." *Chapin*, 977 F. Supp. at 76. The Court held that the reference in the MCAD charge to "management or other official overseeing the Police Department" sufficiently identified the chief of the police department, even though the chief was not specifically named in the charge. *Id.*, at 77. Here, unlike in *Chapin*, Streeter was identified by name in the charge as the principal perpetrator of the discrimination. *See Rodrigues v. Genlyte Thomas Group LLC*,

392 F.Supp.2d 102, 108 (D. Mass. 2005) (defendant's conduct at issue in charge where defendant specifically mentioned in fact section of MCAD charge).

Moreover, it is reasonable to infer that Streeter had notice of the charge where Searle identified the Respondent as "Salisbury Police Department, ATTN: Lawrence E. Streeter." Defendants' **Exhibit 1**. *See Chapin*, 977 F. Supp. at 77-78 (evidence of internal investigation performed by defendant, correspondence with MCAD regarding allegations sufficient).

Finally, the Motion to Amend, which outlines Searle's claims against Streeter and the Town of Salisbury in detail, certainly put Streeter on notice of the claims as of December, 2001 (within 180 (300) days of the retaliatory acts). *See* Argument, § II, *infra*. Obviously, Searle could not control when and if the MCAD would rule on the motion[1].

As a result, where Defendant Streeter is a proper party to the within action, Searle respectfully requests that this Court deny Defendants' motion *in limine*.

> II.    **Searle's Retaliation Claims Against Streeter And Salisbury Should Not Be Dismissed Because Searle's Motion to Amend the MCAD Charge Put Defendants On Notice of Searle's Retaliation Claims**

On or about December 21, 2001, well within the 180 (300) day period, Searle served the Motion to Amend upon Defendants Streeter and Salisbury in which she set forth, in detail, her discrimination and retaliation claims against Defendants. *See* Defendants' **Exhibit 2**, at 13. Defendants argue, in essence, that Searle's retaliation claims must be dismissed because the MCAD did not act on the Motion to Amend before Searle withdrew the case in order to file the within action. Searle, of course, had no control over whether, and when, the MCAD would rule upon the Motion to Amend. *See Troconis v. Lucent Technologies, Inc.*, 160 F.Supp.2d 150, 157-158 (D. Mass. 2001) (remanding to Superior Court – all federal claims had been dismissed – to

---

[1] It would waste the scarce resources of the MCAD to require Searle to commence a separate MCAD action based upon the retaliatory acts.

determine whether plaintiff could sue on cause of action which was the subject of a undecided motion to amend the MCAD charge).

Moreover, the Defendants have suffered no prejudice from the failure of the MCAD to rule on the motion. Defendants had notice of and opportunity to conciliate Searle's retaliation claims, especially where the Motion to Amend had remained pending at the MCAD *for more than two years* at the time that Searle removed the case from the MCAD. *See, e.g.*, *Chapin*, 977 F. Supp. at 77. Searle had already named the Salisbury Police Department as Respondent and identified Streeter by name in her original charge. As a result, the Defendants had fair notice of the retaliation claims, and Searle respectfully requests that this Court deny Defendants' motion *in limine*.

**WHEREFORE**, Plaintiff Susan Searle hereby requests that this Honorable Court DENY the Defendants' motion *in limine* seeking to preclude certain claims.

        Plaintiff
        Susan Searle
        By her Attorneys

        */s/ Benjamin L. Falkner*
        Paul J. Klehm (BBO #561605)
        pklehm@krasnooklehm.com
        James B. Krasnoo (BBO #279300)
        jkrasnoo@krasnooklehm.com
        Benjamin L. Falkner (BBO #667951)
        bfalkner@krasnooklehm.com
        Krasnoo | Klehm LLP
        23 Main Street
        Andover, MA  01810
        (978) 475-9955

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by the ECF system on April 18, 2007.

                                        */s/ Benjamin L. Falkner*
                                        Benjamin L. Falkner