UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 2004CV10791RCL

SUSAN SEARLE,

    Plaintiff,

v.

TOWN OF SALISBURY and LAWRENCE
STREETER,

    Defendants.

DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE TO
PERMIT THE INTRODUCTION OF
CERTAIN EVIDENCE OF ALLEGED
DISCRIMINATION

Now come the Defendants Town of Salisbury (hereinafter, "Town") and Lawrence Streeter (hereinafter, "Chief Streeter") and hereby oppose Plaintiff Susan Searle's Motion In Limine To Permit The Introduction Of Evidence (1) That Male Salisbury Police Officers Called Female Employees "Sluts" In The Workplace, (2) That Female Employees Of The Salisbury Police Department Received Unequal Pay, And (3) That The Salisbury Police Department Dress Code Was Enforced In A Discriminatory Manner.  As grounds for said opposition, Defendants rely on the within Argument.

ARGUMENT

A.    EVIDENCE OF UNEQUAL PAY AND DISCRIMINATORY DRESS CODE ENFORCEMENT.

To the extent Plaintiff's motion seeks to allow the introduction of evidence related to her allegations of unequal pay and discriminatory dress code enforcement, Defendants hereby oppose said motion for the reasons detailed in their Motion In Limine To Preclude The Introduction Of Evidence And Testimony Concerning Plaintiff's Previously Dismissed Claims Regarding Unequal Pay And Uniforms which is incorporated herein by reference.

B.     <u>EVIDENCE OF OFFICERS' ALLEGED USE OF THE WORD "SLUTS" SHOULD BE EXCLUDED.</u>

In her motion, Plaintiff argues that evidence of male police officers' alleged use of the word "sluts in the presence of female employees", including such use by Chief Streeter, should be admitted at trial for the purpose of demonstrating "that Defendants' articulated reasons for not allowing Searle to perform details were pretextual and to show that Defendants' true motivation was to discriminate against women."  Plaintiff further submits that such evidence is admissible to show the "general atmosphere of discrimination" within the Department.

As Plaintiff correctly points out in her motion, however, Chief Streeter was the key decision maker with respect to Plaintiff not being permitted to work details.  In light of the fact that he was Chief of the Department, and in the absence of any evidence that any other officers had any input in his decision not to permit her to work details, evidence that <u>other</u> officers in the Department used the term "sluts" in the presence of females is not probative of the ultimate issue, i.e. whether Chief Streeter's reasons for precluding Plaintiff from working details were pre-textual, and any probative value that does exist is substantially outweighed by the danger of unfair prejudice to Defendants.  Fed.R.Evid. 403.

This is especially true in light of the fact that Plaintiff testified at her deposition that Streeter himself never called her a "slut" nor did he ever refer to a specific person within the Department in such fashion.  <u>See</u> Searle Deposition at 204-206 attached hereto as Exhibit 1.  If he did not use the word to refer to Plaintiff or any other female in the Department, Defendants fail to see how it is probative of his motives with respect to precluding Plaintiff from working paid details or of his general attitude toward the other women in the Department.  In light of this, any evidence of Chief Streeter's alleged use of the word "sluts" would similarly have little

probative value as to any issues at trial and the danger of unfair prejudice to Defendants is

substantially outweighed by any probative value that does exist.  See id.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff Susan

Searle's Motion In Limine To Permit The Introduction Of Evidence (1) That Male Salisbury

Police Officers Called Female Employees "Sluts" In The Workplace, (2) That Female

Employees Of The Salisbury Police Department Received Unequal Pay, And (3) That The

Salisbury Police Department Dress Code Was Enforced In A Discriminatory Manner.

DEFENDANTS,

TOWN OF SALISBURY AND LAWRENCE
STREETER,

By their attorneys,

/s/ Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO#637818)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
Dated:  April 19, 2007                    (617) 556-0007

312924/60700/0143

Certificate of Service

This is to certify that on the date subscribed below I caused a copy of Defendants' Opposition To Plaintiff's Motion In Limine To Permit The Introduction Of Certain Evidence Of Alleged Discrimination to be served through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and that non-registered participants, if any, were served with paper copies of said document.

Dated: April 19, 2007                    /s/ Joseph S. Fair