UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN SEARLE<br>　　Plaintiff<br><br>v.<br><br>TOWN OF SALISBURY and<br>LAWRENCE STREETER<br>　　Defendants. | )<br>)<br>)<br>)<br>)　　Civil Action No. 04-CV-10791-RCL<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF SUSAN SEARLE'S OPPOSITION TO
DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF
EVIDENCE AND TESTIMONY CONCERNING PLAINTIFF'S PREVIOUSLY
<u>DISMISSED CLAIMS REGARDING UNEQUAL PAY AND UNIFORMS</u>**

Plaintiff Susan Searle ("Searle") hereby opposes Defendants' Motion *In Limine* To Preclude Evidence And Testimony Concerning Plaintiff's Previously Dismissed Claims Regarding Unequal Pay And Uniforms where such evidence is relevant and probative as to whether Defendants discriminated against Searle on the basis of her gender.[1]  Searle relies upon the reasons set forth below:

　　1.　　Searle, a former dispatcher for the Town of Salisbury Police Department, proceeds to trial in the within action pursuing Title VII and G.L. c. 151B gender discrimination and retaliation claims against the Town of Salisbury and its former police chief, Lawrence Streeter.

　　2.　　At trial, Searle intends to seek to introduce relevant evidence (1) that female employees of the Salisbury Police Department received unequal pay for equal work, and (2) that the Salisbury Police Department dress code was enforced in a manner which discriminated

---

[1] Searle incorporates herein by reference Plaintiff Susan Searle's Motion In Limine To Permit The Introduction Of Evidence (1) That Male Salisbury Police Officers Called Female Employees "Sluts" In The Workplace, (2) That Female Employees Of The Salisbury Police Department Received Unequal Pay, And (3) That The Salisbury Police Department Dress Code Was Enforced In A Discriminatory Manner [Doc. No. 63].

against women. Searle does not seek to introduce this evidence in furtherance of sexual harassment and/or Federal Equal Pay Act claims (Searle acknowledges that such claims were resolved adversely to her at summary judgment); rather, Searle seeks to introduce this evidence as relevant and probative evidence of gender discrimination. Such evidence also reinforces the routine practice in place at the Salisbury Police Department under which women were discriminated against on the basis of their gender. See Fed.R.Evid. 406.

3. The within action is a circumstantial discrimination case[2] subject to the three-stage burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 53-54 (1st Cir. 2000).

4. Under *McDonnell Douglas Corp.* analysis, Searle must first present a *prima facie case* of discrimination, which raises a rebuttable presumption of discrimination. *Santiago-Ramos*, 217 F.3d at 54. Defendants must then state a legitimate, non-discriminatory reason for the adverse employment action, here, failing to permit Searle to work details. *Id.* If Defendants meet their burden, Searle must "present sufficient evidence to show both that the employer's articulated reasons ... is a pretext and that the true reason [that Defendants prevented Searle from performing paid details] is discriminatory." *Id.* quoting *Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 56 (1st Cir. 1999).

5. "One method [for Searle to meet her burden] is to show that discriminatory comments were made by the key decisionmaker [here, Defendant Streeter] *or those in a position to influence the decisionmaker*" (emphasis added). *Santiago-Ramos*, 217 F.3d at 55. Here, it is clear that Streeter made the key decision to prevent Searle from performing the paid details she sought. As such, his wrongful treatment of women, as well as the wrongful treatment of women

---

[2] There is also direct evidence of discrimination, such as, evidence regarding a statement made by Chief Streeter to then Sgt. Foote that women would not perform details in Streeter's department and an order by Chief Streeter that Sgt. Foote not assign details to women.

by any other officer in a position to influence Streeter, provide evidence with which Searle may prove both that Defendants' articulated reasons for not allowing Searle to perform details were pretextual and that Defendants' true motivation was to discriminate against women.

7.    Moreover, Searle may present evidence of the Salisbury Police Department's "general atmosphere of discrimination" which "may be considered *along with any other evidence bearing on motive* in deciding whether a Title VII plaintiff has met her burden of showing that the defendants' reasons are pretexts." *Santiago-Ramos*, 217 F.3d 55, quoting *Sweeney v. Board of Trustees of Keene State College*, 604 F.2d 106, 113 (1st Cir. 1979) (emphasis in original).  In *Santiago-Ramos*, for instance, the Court, at the summary judgment stage, considered comments made by other employees that showed a discriminatory attitude within the company. *Santiago-Ramos*, 217 F.3d at 55.

8.    As in *Santiago-Ramos*, at 56, evidence of unequal pay granted to female Salisbury Police employees, and evidence that Streeter enforced the dress code in a discriminatory manner, all "add 'color' to the decision-making process ... and to the reasons given for [refusing to allow Searle to perform paid details]." *Santiago-Ramos*, at 56, quoting *Sweeney*, 604 F.2d at 113.  This evidence demonstrates the pervasive discriminatory atmosphere at the police station and tends to show that the reasons given for terminating Searle were pretextual.

9.    Where such evidence is relevant and probative as to whether Defendants discriminated against Searle on the basis of her gender, Plaintiff Susan Searle respectfully requests that this Court permit the introduction of evidence (1) that female employees of the Salisbury Police Department received unequal pay, and (2) that the Salisbury Police Department dress code was enforced in a discriminatory manner.

**WHEREFORE**, Plaintiff Susan Searle hereby requests that this Honorable Court DENY the Defendants' motion *in limine*.

        Plaintiff
        Susan Searle
        By her Attorneys


        */s/ Paul J. Klehm*
        Paul J. Klehm (BBO #561605)
        pklehm@krasnooklehm.com
        James B. Krasnoo (BBO #279300)
        jkrasnoo@krasnooklehm.com
        Benjamin L. Falkner (BBO #667951)
        bfalkner@krasnooklehm.com
        Krasnoo | Klehm LLP
        23 Main Street
        Andover, MA  01810
        (978) 475-9955

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by the ECF system on April 19, 2007.


        */s/ Paul J. Klehm*
        Paul J. Klehm